McCAY, J.
We think it is well settled that the taking of the notes of the purchaser, with a third person as security thereto, is not *690 a conclusive waiver of the vendor’s lien. The true basis of such a lien arises out of the nature of the transaction. If other security be taken, prima facie, the lien is waived, since it is a fair presumption, from this fact, that the land was not looked to as the security: 1 White & Tudor, Equity Cases, 242-247. But this presumption may be rebutted. The vendor may show that, notwithstanding the other security was taken, the lien on the land was not intended, between the parteis, to be waived. The burden of proof is upon the vendor: White & Tudor, Equity Cases, 242-247. ■ _
_ It was error in the Court to reject the evidence offered by Sanders, since it went to rebut the presumption arising from the fact that O. P. Anthony, the security, signed the note. It is said that there was no evidence that McAffee and Owens knew anything of the facts proposed to be proven by Sanders, and that the error of the Court was therefore 'harmless. We are not sure that, under the facts as they were proved before the jury, they might not have some right to infer that Anthony had told them of all the facts, as they actually existed. At any rate, as the evidence of. Sanders was excluded, he 'was not called upon to prove that Owens and McAffee knew what the Court held to be immaterial.
*We express no opinion as to the weight of the evidence, either of notice or the necessary effect of the evidence ruled out by the court.' All we decide is, that the evidence ought have gone to the jury. Its weight was for them to consider, whether there was a \waiver or not of the lien, whether there was a rebuttal of the prima facie effect of the act of taking security, and whether McAffee and Owens had notice, were all questions of fact for the determination of the jury under the charge of the Court as to the law.
As the evidence of Sanders was rejected, and was not before the jury, we see no error in the charge of the Court, as the case then stood, since there was nothing to rebut the presumption of waiver arising from the admitted fact that O. P. Anthony was only security to the note. The error was in rejecting the testimony.
Judgment reversed.