KENDRICK ET AL v. EGGLESTON ET AL.

1. **Vendor's Lien:** WAIVER OF: TAKING OF OTHER SECURITY.   Where the vendor of real estate took in part payment therefor the secured note of a third person, indorsed by the vendee, it was held that he thereby waived his right to a vendor's lien, though the security taken afterward proved worthless, it being considered good by all the parties at the time it was taken.

2. **Practice in the Supreme Court:** TRIAL *de novo:* WAIVER OF IRREGULARITY.   After having argued a case on appeal to the Supreme Court as though it were triable *de novo*, an appellee cannot in a reply, upon purely technical grounds, insist that it is not so triable.

*Appeal from Davis Circuit Court.*

SATURDAY, APRIL 23.

THIS is an action for judgment against the defendant, Caroline Eggleston, as the indorser of a note, and to establish a

vendor's lien upon certain property in the petition described. At the April term, 1878, judgment was rendered against the defendant Caroline Eggleston for $2,753.30, and a vendor's lien was established upon her interest in said land. As to the other defendants the cause was continued. At the April term, 1880, the cause came on to be heard as to the other defendants, when the court rendered a decree establishing a vendor's lien against the interest of the defendants Clara and Louisa Schilling, in said land, for the sum of $800. From this decree the defendants Clara Schilling and Louisa Schilling appeal. The material facts are stated in the opinion.

*Traverse, Payne & Eichelberger*, for appellants.

*M. H. Jones & Son*, and *Trimble, Carruthers & Trimble*, for appellees.

DAY, J.—I. The defendant Caroline Eggleston, formerly Caroline Schilling, bought the land now in controversy from

1. VENDOR'S lien : waiver of: taking of other security.

Jeremiah Eggleston, for the sum of $4,400. She paid for the land in money and by the transfer of certain notes, amongst which was a note on John Zulauff for $3,000, on which $1,000 had been paid, which note she indorsed in blank. Jeremiah Eggleston deeded the land to Caroline Eggleston and her two minor children, Clara and Louisa Schilling. At the time this deed was made Caroline Eggleston owned over six thousand dollars worth of property in her own right, which she obtained from her former husband, and was not in debt. Afterward Jeremiah Eggleston traded the Zulauff note to the plaintiff, William Kendrick, for land and stock, and Kendrick's own note for $359. The Zulauff note was secured by a mortgage on land and mill property. At the time of these transactions all the parties to the sale and transfer of the Zulauff note considered it good, and the maker solvent. The Zulauff mill property was, in fact, incumbered by a judgment which was prior to the lien of the Eggleston mortgage. Zulauff proved to be insolvent, so

that only about $150 was realized from him on said note. Under these facts the plaintiffs claim that they are entitled to a vendor's lien upon the property which was purchased in part by a transfer of the Zulauff note. If the plaintiffs are entitled to a vendor's lien, it is upon the ground that Jeremiah Eggleston acquired such a lien, which passed to the plaintiffs by the transfer of the Zulauff note. It is a general doctrine of equity that the vendor of real estate retains a lien upon the property sold, for the unpaid purchase money, unless it appear from the circumstances of the case that the lien was waived. It is also a general principle that the taking of distinct security, whether of real or personal property, is evidence that the seller did not repose upon the lien, and discharges the lien. It is also said that the sounder doctrine, and the higher authority, is that taking the responsibility of a third person for the purchase money is taking security, and discharges the lien. 4 Kent, § 153.

In leading cases in equity it is said: "It may be considered as settled by the unanimous concurrence of the cases in this country, that wherever this lien is recognized at all it will not be affected by the vendor's taking the bond or bill single of the vendee, or his negotiable promissory note, or a check drawn on a bank by the vendee, which is not presented or paid, or any instrument whatever, involving merely the personal liability of the vendee; but that taking a mortgage of other property or the bond or note of the vendee with a security, or a negotiable note drawn by the vendee and indorsed by a third person, or drawn by a third person and indorsed by the vendee, will repel the lien presumptively."

That the taking of security is *prima facie* a waiver of the lien, see 2 *Washburn Real Property*, 9; *Vail v. Foster*, 4 Coms., 312; *Fish v. Howland*, 1 Paige, 20; *Traid v. Smith*, 2 Mich., 243; 4 *Waits Actions and Defenses*, 323; *Boyton v. Champlain*, 42 Ill., 57; *Landers v. McAfee*, 41 Ga., 684; *Durette v. Briggs*, 47 Mo., 356; *Yaryan v. Shrener*, 26 Ind., 364; *Schurz v. Stein*, 27 Id., 112; *Brown v. Gilman*,

4 Wheat., 253; *Burke v. Gray*, 6 Howard (Miss.), 527; *Campbell v. Baldwin*, 2 Humph., 248.

It is true as held in *Garson v. Green*, 1 Johns. Ch., 309, that *prima facie* the purchase money is a lien upon the land, and it rests upon the purchaser to show that the vendor agreed to rest on other security. But, when it is shown that other security was taken, the presumption that a lien was intended is rebutted, and the burden of proof is then cast upon the vendor to show that a waiver of the lien was not intended. The plaintiff relies upon *Cordova v. Hood*, 17 Wallace, 1. In this case the purchaser executed for the purchase money his own note secured by his son. There was evidence showing clearly that neither party understood the note to be taken as a substitute for the lien. It was said by the court that the taking of a note or bond from the vendee with a surety has generally been held evidence of an intention to rely exclusively upon the personal security taken, and, therefore, presumptively to be an abandonment of the lien, but that this raises only a presumption, open to rebuttal by evidence that such was not the intention of the parties. The case of *Wilson v. Lyon*, 51 Ill., 166, also cited and relied upon by the appellee, is one where a vendor's lien clearly existed at the time of the sale, which it was held was not displaced by the subsequent assignment of a policy of life insurance, the proof showing that the assignment was not taken as independent security. Most of the other cases cited by appellee hold simply that the acceptance of a note of a third person for goods does not constitute payment unless so agreed, and that payment in forged or worthless paper does not satisfy a debt. It is evident that these cases are not applicable to the question of a waiver of a vendor's lien by taking collateral security.

The plaintiff insists that the presumption of waiver arising from the taking of collateral security is rebutted by the fact that the security was worthless. In support of this position appellee cites *McDole v. Purdy*, 23 Iowa, 277. That was a case of the exchange of lands, in which the de-

fendant made false and fraudulent representations as to the quality, situation, character and value of the land conveyed to plaintiff, on account of which it was found that the purchase price of the land conveyed by plaintiff was, in part, unpaid, and that, to that extent, the plaintiff was entitled to a vendor's lien. There was no fraudulent representation in this case. All parties supposed the security was good at the time of the purchase from Jeremiah Eggleston. The lien is claimed simply from the fact that the security afterward proved to be worthless. If this is a ground for enforcing a vendor's lien, it follows that the lien may always be enforced, notwithstanding the taking of collateral security, whenever such enforcement becomes necessary for the protection of the vendor. No such doctrine as this is recognized by the cases upon the subject. The court, in our opinion, erred in the establishing of a vendor's lien.

II. In their reply the plaintiffs for the first time call our attention to the fact that this case is not triable *de novo*, bacause 2. PRACTICE it the supreme court : trial de novo: waiver of ir- regularity. the court below certified that the record contains all the evidence introduced, but does not certify that it contains all the evidence offered. It is claimed the case falls within the principle of *Taylor v. Kier*, 54 Iowa, 645. The case was submitted upon appellants' abstract, and upon an agreed amended abstract of appellees. In the opening argument of appellees the case is discussed upon its merits, as though triable *de novo*. It is evident from the manner in which the case has been presented that the record does in fact contain all the evidence offered, and that the objection raised in the reply is merely technical. Such objection should have been raised upon the threshold, and ought not to avail when presented for the first time in the reply. The judgment of the court below is

REVERSED.