## GNASH V. GEORGE ET AL.

1. **Vendor's Lien:** WAIVER OF: BURDEN OF PROOF. The acceptance of a mortgage on other property for the balance of the unpaid purchase money, by the vendor of real estate, is presumptive evidence of a waiver of the vendor's lien, and casts upon the vendor the burden of rebutting the presumption arising therefrom, and of showing that no waiver was intended.

2. ———: ———: FRAUDULENT REPRESENTATIONS. Where the vendor testifies that he never waived his vendor's lien, he cannot obtain relief upon the ground that he waived the lien relying upon the false and fraudulent representations of the vendee, that he had money in bank to pay for the property when the the notes became due.

*Appeal from Van Buren District Court.*

WEDNESDAY, JUNE 7.

THIS is an action in equity to establish and enforce a vendor's lien for the unpaid balance of the purchase price of real estate. The court granted the plaintiff the relief sought. The defendants appeal. The material facts are stated in the opinion.

*Trimble, Carruthers & Trimble,* for appellants.

*Lea & Whiny* for appellee.

DAY, J.—I. In February, 1876, the plaintiff sold to the defendant D. W. George a tract of land known as Gnash's homestead, and also a lot in Gnash's addition to the town of Milton. In the deed for this property the name of D. W. George was originally written as grantee, but, before the deed was executed, his name was erased, and the name of his wife, Margret George, was inserted. The purchase price of the property was $1,800, for which the defendants deeded to plaintiff two lots in Pulaski, Iowa, valued at $600, and the defendant D. W. George, executed two notes for $600 each, due in eleven and twenty-

*1. VENDOR'S lien: waiver of: burden of proof.*

three months, respectively, and secured by mortgage on eighty acres of land, executed by both defendants. The mortgaged land was of the value of $1,500. A judgment was recovered upon these notes, the mortgage was foreclosed, and the mortgaged land was sold for $556, leaving a balance of $879.95 due upon the judgment. It is for the balance of this judgment that the plaintiff seeks to establish a vendor's lien upon the property in Milton. The taking of a mortgage to secure the unpaid purchase-money is presumptive evidence of a waiver of the vendor's lien, and casts upon the vendor the burden of proving that no waiver was intended. *Kendrick v. Eggleston*, 56 Iowa, 128; *Akers v. Luse*, 56 Id., 346. Has the plaintiff rebutted the presumption that a vendor's lien was waived? The testimony upon this point is conflicting. The testimony of the plaintiff upon this subject is as follows: "Ques. State whether or not it was part of the contract that the whole property sold to George, including the Milton property, should be liable for the purchase money? Ans. Yes; George said he wanted the deed made to his wife, so that nobody else could interrupt it. Ques. State what, if anything, George said to you about the deed being made to Mrs. George to prevent third parties from obtaining a lien on the Milton property? Ans. He said that he wanted the deed made to her so that nobody else could interrupt it; he was not deeding it to her to interfere anything with me; I was still to have a lien on the Milton property." The wife of plaintiff who was present when the contract was made, testified as follows: "We were to take a horse, and house and two lots in Pulaski, Iowa, at six hundred dollars; then he was to pay the remaining twelve hundred dollars in two payments of six hundred dollars each, payable in eleven and twenty-three months, and to secure this payment he offered us a mortgage on eighty acres of land in Davis county, Iowa. When he offered us that I asked him why not give us a mortgage on the Milton property? His answer was that that would be good for the debt until it was paid, and that the mort-

gage on this eighty acres would be an additional security. When he made that remark I did not say any more; I objected no farther, because I thought it was all right if that was the case." It is to be observed that the plaintiff and his wife do not corroborate each other as to the conversation which occured when the contract was made. Mrs. Gnash does not testify to the reason assigned by D. W. George for having the property deeded to his wife, nor does the plaintiff testify to the reason assigned for not making a mortgage upon the Milton property. The evidence does show, however, that the plaintiff is hard of hearing. The plaintiff testified that he was still to have a lien upon the Milton property, but he does not detail the conversation or agreement which gave him that lien. The testimony seems to be merely his inference or conclusion from what occurred. He may have supposed that the taking of a mortgage would not constitute a waiver of his lien, and that, therefore, he was still to have a lien. The testimony of Mrs. Gnash lacks probability. It is not reasonable that to a suggestion that the Milton property should be mortgaged for the balance of the purchase-money, she was assured of a lien upon that, and in addition, offered a mortgage upon eighty acres of land. Mrs. Gnash testifies that she took part in the negotiation because her husband was hard of hearing. From her testimony it seems that she suggested a mortgage on the Milton property instead of on the eighty acres of land, but that defendant assured her she already had a lien upon the Milton property, and offered her a mortgage on the eighty acres as additional security. If defendant intended the lien to exist on the Milton property and agreed that it should do so, it is but reasonable to suppose that he would have mortgaged that, and kept his eighty acres clear.

The defendant testifies that he told the plaintiff that he wanted the Milton property for his wife and wanted it clear of all incumbrances, and that he would not have given a mortgage on the Milton property to secure the balance of the

purchase-money, if the plaintiff had damanded it at the time the deed was made, because he was buying it for his wife and would not have it incumbered. The defendant also denies positively that he told Gnash and wife, when the trade was made, that they would still have a lien upon the Milton property and that the mortgage upon the eighty acres was additional security. The circumstances corroborate the testimony of the defendant. It is scarcely reasonable to suppose that after payment of one-third of the purchase price the plaintiff in security for the balance would demand a lien upon the property itself and upon other property of almost equal value. The supposition is less reasonable that the defendant would accede to such a demand, and thus place substantially all of his property under incumbrance. In view of all the testimony and the circumstances, we feel constrained to hold that the plaintiff has not succeeded in rebutting the presumption of the waiver of a vendor's lien, arising from the acceptance of a mortgage on other property, to secure the unpaid purchase-money.

II. It is claimed by the attorneys of plaintiff that there was no waiver of the lien because, as they insist, the defendant D. W. George made false and fraudulent representations that he had money in bank to pay for the property when the notes came due. In support of this position *Toby v. McAlister*, 9 Wis., 429 is cited. The plaintiff, however, does not, either in his petition or in his testimony, base his claim for relief upon this ground. In order to obtain relief on the ground of fraud it would be necessary for the plaintiff to show that he was induced by the fraudulent representations to waive his lien. The plaintiff, however, testifies that he never waived his lien. Under this testimony he cannot have relief upon the ground that he waived his lien relying upon false and fraudulent representations of defendant. In our opinion the court erred in establishing a vendor's lien in favor of plaintiff.

*2.—:—; fraudulent representations.*

REVERSED.