KELLOGG, Respondent, vs. CITIZENS INSURANCE COMPANY OF PITTSBURGH, Appellant.

*November 25 — December 15, 1896.*

*Principal and agent: Contract for services: Duration: Evidence: Appeal.*

1. When one serves another under a contract for a year's service, and holds over continuing in the service after the expiration of the year, there is a presumption analogous to the presumption in the case of a yearly lease, that the parties consent to the continuance through another year of the contract of service.

2. The fact that under a contract of employment wages are payable by the year strongly indicates the period of service contracted for, and, in the absence of evidence impairing its weight, is sufficient to sustain a finding of the trial court that there was a yearly hiring corresponding to the rate of wages.

APPEAL from a judgment of the circuit court for Walworth county: FRANK M. FISH, Circuit Judge. *Affirmed.*

Plaintiff worked for the defendant from April 1, 1889, to April 1, 1890, as traveling agent, at $1,200 per year, and from April 1, 1890, to April 1, 1891, at $1,500 per year. At the end of the second period mentioned, nothing was said about any change in salary, and plaintiff continued to work to December 14, 1891, and then wrote defendant, saying that he expected to handle the business for the next year in Illinois, Wisconsin, Minnesota, Iowa, and Missouri, thereby bringing his percentage up to $100,000 for the year; that he wanted $1,800 per year and expenses, or $1,500 and expenses and five per cent. of the net proceeds, or $1,500 and five per cent. of the gross premiums over $65,000. Defendant replied December 17, 1891, promising consideration of the matter. December 21, 1891, plaintiff replied, urging consideration of the proposition of December 14, for a contract to begin January 1, 1892. December 23 plaintiff again wrote defendant, urging consideration of the matter. January 26, 1892, defendant replied to plaintiff's proposition by saying that the salary should be $1,800, as requested. Plaintiff worked under this arrangement through the years 1892, 1893, and to January 18, 1894, when he was informed by letter that he would be discharged March 1, 1894. February 1 he replied, calling attention to the existing contract. March 1, 1894, he was discharged. In January thereafter, he brought this action to recover compensation from the time of his discharge up to January 1, 1895, at $1,800 per year. The answer took issue on the alleged facts, making out the existence of a contract between the parties to work for defendant from January 1,

1892, to January 1, 1893, at $1,800 per year, and a continuance of the contract for 1893 and 1894 by the acts of the parties. The case was tried by the court. The court found the existence of the contract as alleged, and that plaintiff was entitled to recover nine months' wages at $1,800 per year. Defendant excepted to the findings of fact in regard to the contract, and to the conclusion of law. Judgment was entered in plaintiff's favor according to the findings, from which this appeal was taken.

For the appellant there were briefs by *Dunwiddie & Wheeler,* and oral argument by *B. F. Dunwiddie.* To the point that the fixing of a salary by the year or other interval is not enough to make the employment one for such period, they cited *Prentiss v. Ledyard,* 28 Wis. 131; *Thomas v. Hatch,* 53 id. 296; *Martin v. N. Y. L. Ins. Co.* 148 N. Y. 117; *Haney v. Caldwell,* 35 Ark. 156; *Palmer v. Marquette & P. R. M. Co.* 32 Mich. 274; *Tatterson v. Suffolk Mfg. Co.* 106 Mass. 56; Mechem, Agency, § 211; Wood, Master & S. (1st ed.), 272, 273.

*Jno. C. Rood,* for the respondent, argued, among other things, that a hiring for a certain sum per month or year, nothing being said as to the length of time of service and no other circumstances being shown, indicates that the hiring was for one month or one year. *Magarahan v. Wright,* 83 Ga. 773; *Pinckney v. Talmage,* 10 S. E. Rep. 1083; *Moss v Decatur L. I. & F. Co.* 93 Ala. 269; *Strauss v. Gross,* 2 Tex. Civ. App. 432; *Philadelphia Packing & Provision Co.'s Estate,* 4 Pa. Dist. R. 57; *Bleeker v. Johnson,* 51 How. Pr. 380; *Norton v. Cowell,* 65 Md. 359; *Bascom v. Shillito,* 37 Ohio St. 431.

MARSHALL, J. Several errors are assigned on the rulings of the trial court respecting appellant's objections to testimony, but an examination of each of such alleged errors fails to disclose anything worthy of discussion in this opin-

ion. In that regard the case appears to be free at least from any prejudicial error.

The only other errors assigned are on exceptions to the findings of the trial judge on questions of fact. It is not controverted but that, if appellant and respondent contracted that the latter should serve the former in the capacity of traveling agent from January 1, 1892, to January 1, 1893, at a yearly compensation of $1,800, a continuance of the employment for 1893, and into the next year for a considerable period of time, without notice from appellant of any desired change, warrants the finding that the parties impliedly contracted for a continuance of the service for the year 1894 at the same rate of wages. The rule on this subject is stated thus: When one serves another under a contract for a year's service, and holds over, continuing in the service after the expiration of the year, there is a presumption, analogous to the presumption in the case of a yearly lease, that the parties consent to the continuance through another year of the contract of service. *Sines v. Superintendents of the Poor*, 58 Mich. 503; *Tatterson v. Suffolk Mfg. Co.* 106 Mass. 56; *Wallace v. Floyd*, 29 Pa. St. 184; Schouler, Dom. Rel. (4th ed.), 698. So the whole case turns on whether the finding that a contract was made for a year's service, at the yearly wages of $1,800, commencing January 1, 1893, is warranted by the evidence. On this subject, the rule that the findings of the trial court on a question of fact will not be disturbed unless they are so clearly against the weight of evidence that it may be said there is really no legitimate basis therefor is so well established that a mere reference to it is sufficient to decide the case. *McDonald v. Kelly's Estate*, 70 Wis. 108; *Carroll v. Little*, 73 Wis. 52; *Trumbull v. Hewitt*, 65 Conn. 60; *Dunnington v. Frick Co.* 60 Ark. 250; *Mankel v. Belscamper*, 84 Wis. 218; *Lobdell v. Baldwin*, 93 Mich. 569. The evidence shows that the respondent had been working for appellant on a yearly salary for several years prior to 1892. The

salary, commencing January 1, 1892, was fixed by the year. If there were no other evidence, the conclusion of the trial court could not be disturbed. There is nothing in *Prentiss v. Ledyard*, 28 Wis. 131, inconsistent with this view. Where wages are payable by the week, month, or year, such circumstances strongly indicate the period of service contracted for. Story, Cont. § 1201; Addison, Cont. (Am. ed.), § 884. If from such evidence, even standing alone, without any other evidence impairing its weight, the trial court finds a monthly or yearly hiring, corresponding to the rate of wages, the inference so drawn cannot be disturbed on appeal.

It follows from the foregoing that the judgment of the circuit court must be affirmed. ·

*By the Court.*— Judgment affirmed.

