Dickinson vs. Norwegian Plow Co.

DICKINSON, Appellant, vs. NORWEGIAN PLOW COMPANY, Respondent.

*May 6 — May 21, 1897.*

*Master and servant: Implied contract: Court and jury.*

In an action for wages, evidence that plaintiff had been employed by defendant "at a salary of $1,500 per annum, to begin June 1, 1889," and that he began work on that date, and continued uninterruptedly in defendant's employ until June 1, 1895, without any new contract, is *held* sufficient to require the submission to the jury of the question whether plaintiff was employed for the entire year ending June 1, 1895, at the rate of $1,500 per annum, although during that year defendant notified him that his salary had been reduced.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

The facts are stated in the opinion.

For the appellant there was a brief by *McConnell & Schweizer*, and oral argument by *C. H. Schweizer*.

For the respondent there was a brief by *Fruit & Brindley*, and oral argument by *J. J. Fruit*.

WINSLOW, J. This was an action to recover a balance of $200 claimed by plaintiff to be due him for services during the year ending June 1, 1895. The evidence of plaintiff showed that he was first employed by the defendant by correspondence in May, 1889, "at a salary of $1,500 per annum, to begin June 1st, 1889," and that he began work June 1, 1889, and continued uninterruptedly in defendant's employ until June 1, 1895, without any new contract, being paid at the rate of $1,500 per year up to the 1st day of October, 1894. In November, 1894, the secretary and treasurer of the defendant told the plaintiff that his salary had been reduced by the directors to $1,200 per annum. The plaintiff denied their right under his contract to reduce his salary. He continued to work until June 1st following, but the defendant only paid him $100 per month for the balance of the year from October 1, 1894, and this action is to recover the $200 additional which would be due at the rate of $1,500 per year for the time between October 1, 1894, and June 1, 1895. The plaintiff was nonsuited on the ground that the evidence was insufficient to show a hiring for the last year at $1,500.

We think this was error. This court has very recently held, in a very similar case, that where a man is employed by another for a year, and continues in the employment into the next year without any new hiring, a finding of an implied contract for the second year at the same rate is warranted; further, that, where the evidence showed that one worked for another for several years at a salary fixed at a certain sum per annum, a finding that the implied contract was for a whole year's service at the same rate at the be-

ginning of each new year was sustained by the evidence. *Kellogg v. Citizens' Ins. Co.* 94 Wis. 554. To the same effect are *Down v. Pinto*, 9 Exch. 327; *Horn v. Western Land Asso.* 22 Minn. 233; *Bascom v. Shillito*, 37 Ohio St. 431; *Franklin Mining Co. v. Harris*, 24 Mich. 115. There was therefore sufficient evidence to go to the jury upon the question whether or not the plaintiff was employed for the entire year ending June 1, 1895, at the rate of $1,500 per annum.

*By the Court.*— Judgment reversed, and action remanded for a new trial.