KOSLOSKI, Respondent, vs. KELLY, Appellant.

*September 27—October 18, 1904.*

*Master and servant: Contract of hiring: Custom: Evidence: Motion for new trial: Costs.*

1. Where the question at issue was as to the terms of a contract of hiring, proof of a general custom in the hiring of men for similar work was not admissible for the purpose of showing that one party's version of the contract was more likely to be true than the other's.
2. An agreement to pay for future services at a certain rate per month, is not, as matter of law, a hiring for a month.
3. Under sec. 2924, Stats. 1898, costs not exceeding $10 may be allowed, in the discretion of the court, upon the denial of a motion for a new trial.

APPEAL from a judgment of the circuit court for Vilas county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

This is an action for a balance alleged to be due for work and labor in a lumber camp. The complaint alleged that the plaintiff performed labor between March 30 and June 30, 1903, for the defendant, working during that time seventy-one and three-fourths days in all, at an agreed price of $35 per month, the balance due being $70.20. The answer alleged that the plaintiff worked for the defendant between the dates named in the complaint a total of seventy-two and one-fourth days; that it was agreed that he was to work for the sum of $1 per day, and in case he remained until the completion of a certain logging job he was to receive, in addition, a sum sufficient to make his wages equal to $35 per month; that the plaintiff quit work before the job was completed, and the defendant offered to pay him at the rate of $1 per day, but the same was refused.

The case was tried before a jury, the plaintiff testifying that he commenced work March 31st and quit work June 30th or July 1st; that it was agreed that he was to be paid $35 per month; that there was no agreement that he was to stay any given length of time; that he had been paid $26.50; that he had put in, in all, seventy-one and three-fourths days' work; and that the balance was still due. The defendant's foreman testified that the plaintiff was hired on the agreement that he was to receive $35 per month if he stayed at work until the completion of a certain logging job then in hand; that if not, he was to receive $1 per day; that the plaintiff quit before the completion of the job, about July 1, 1903.

The jury rendered a general verdict for the plaintiff, assessing his damages at $70.10. A motion for a new trial was overruled, with $10 costs, and judgment entered on the verdict, from which the defendant appeals.

The cause was submitted for the appellant on a brief by *John Barnes, attorney,* and *E. D. Minahan,* of counsel, and for the respondent on a brief by *Colman & Colman.*

WINSLOW, J.   There is really very little in this case to justify the writing of an opinion.   The plaintiff commenced work for defendant March 31st and quit June 30th or July 1st following, having worked a total of seventy-one and three-fourths days according to plaintiff's statement, and seventy-two and one-fourth days according to defendant's statement. He was paid $26.50 on account, and claims he was to be paid at the rate of $35 per month, while the defendant claims that he was to be paid but $1 per day unless he stayed until the conclusion of a certain job, in which event he was to be paid $35 per month.   It is admitted that he did not stay until the conclusion of the job.   The only issue of fact was as to the terms of the contract of hiring.   The charge of the court is not preserved; hence it must be presumed to have been correct.   Under it the jury have found a verdict for the plaintiff, and it manifestly cannot be set aside, unless there was prejudicial error committed on the trial.   Two claims of error on the trial are made: *first,* that evidence tending to prove a custom was erroneously rejected; and, *second,* that upon the plaintiff's own evidence he could only recover for two month's work, less the amount which had been paid him.

Upon the first of these questions the situation was this: After the defendant had testified that he told the plaintiff that if he quit before the job was finished he would draw but $1 a day, but if he stayed till the end of the job he would get $35 per month, he was asked by his counsel whether it was not the general custom in employing men to work in the Wisconsin woods to make contracts of that kind, and upon objection the question was ruled out.   The ruling was plainly right.   "The object of proving a general custom is not to contradict or change the contract made between the parties, but to interpret it."   *Hewitt v. John Week L. Co.* 77 Wis. 548, 46 N. W. 822.   It may add incidents to the contract not expressed therein, or show the meaning of ambiguous words or terms therein.   *Shores L. Co. v. Stitt,* 102 Wis. 450, 78

N. W. 562; *Gehl v. Milwaukee P. Co.* 105 Wis. 573, 81 N. W. 666. But the evidence was not sought to be introduced for any such purpose here. The idea here was to show that a certain kind of contract was usually made, and to argue from that fact that the defendant's version of the contract was more likely to be true than the plaintiff's version because it agreed with the contracts usually made. This is not a legitimate use of proof of custom. It is not the supplying of incidents or explanation of terms, but the bolstering up of one story as against another by evidence of purely collateral facts which merely tend to make the one story seem more likely than the other.

As to the second point, it is equally untenable. The plaintiff testified that he was to receive $35 per month. The defendant's claim is that upon this testimony it appears as matter of law that the hiring was by the month; that no wages could be recovered until a full month's service was performed (*Kellogg v. Citizens Ins. Co.* 94 Wis. 554, 69 N. W. 362); and that the evidence showed that the plaintiff worked only two full months, and hence could recover pay for only two months, and not for the full period of labor. There are two answers to the proposition: *first,* the evidence is undisputed that the plaintiff went to work March 31st, and did not quit until June 30th or July 1st, thus completing three full months; *second,* if, however, a month consists of twenty-six working days (as seems to be the claim), and hence the plaintiff worked only two months and nineteen and three-fourths days, still the judgment cannot be reversed, because an agreement to pay for future services at a certain rate per month is not, as matter of law, a hiring for a month. *Prentiss v. Ledyard,* 28 Wis. 131. Under the evidence it was competent for the jury to find that no definite period of service was agreed upon, although the pay was to be at a certain rate per month.

A motion by defendant to set aside the verdict and for a

new trial was denied, with $10 costs, and the imposition of costs is claimed to be an abuse of discretion. We do not think it is usual to impose costs upon such motions in trial courts, especially where the motion appears to have been made in good faith; yet we feel unable to say that the discretion of the trial court was abused. The statute (sec. 2924, Stats. 1898) provides that "costs may be allowed on a motion, in the discretion of the court or judge, not exceeding ten dollars, and may be absolute or directed to abide the event of the action." We see no reason to doubt that this provision covers a motion for new trial.

*By the Court.*—Judgment affirmed.