KRUEGER, Respondent, vs. LAKE TRADING COMPANY, Appellant.

*September 20—October 8, 1912.*

*Sales: Place of delivery: Express contract: Custom: Evidence: Instructions to jury: Appeal: Harmless errors.*

1. The question being whether railroad ties, sold under an oral contract and afterwards burned, had been delivered to the vendee, and it being undisputed that the place of delivery was expressly provided for in the contract, although the parties differed as to what that place was, evidence as to a custom in respect to the place of delivery of such forest products was not competent, and no instruction relative thereto should have been given to the jury.

2. An instruction in such case that the jury might consider the custom of which the vendee had given evidence if they found it existed and was known to the vendor and *if there was no express agreement,* was not, in any event, harmful to the vendee.

APPEAL from a judgment of the circuit court for Taylor county: JOHN K. PARISH, Circuit Judge.   *Affirmed.*

Action to recover the balance of the purchase price of railroad ties sold under an oral contract.   Plaintiff claimed the agreement was that the ties were to be delivered on the railroad track of a certain logging road running into Rib Lake. The ties were delivered upon said railroad track, but before they were loaded on cars and shipped they were burned.   The defendant alleged that the contract was that the ties were to be delivered to it at Rib Lake, loaded on cars, and that in the business of buying and selling hemlock, tan bark, railroad ties, and pulp wood at the village of Rib Lake and vicinity, it was during all the times mentioned in plaintiff's complaint the general custom, practice, and understanding of all people engaged in said business that such forest products be delivered by the seller by loading the same on railroad cars and having such loaded cars consigned to it at Rib Lake.

The jury returned a general verdict for the plaintiff, and from a judgment entered thereon the defendant appealed.

The cause was submitted for the appellant on the brief of *Schweppe & Urquhart,* and for the respondent on that of *Barry & Barry.*

VINJE, J.   It is claimed the verdict is not supported by the evidence.   Plaintiff testified that it was agreed the place of the delivery of the ties should be on the railroad track.   The defendant's agent who bought them testified the agreement was that they should be delivered loaded on cars at Rib Lake. There was no other direct evidence as to the terms of the contract with reference to the place of delivery.   A careful perusal of the evidence shows there are as persuasive attendant circumstances corroborating plaintiff's claim as there are those that lend color to the claim of the defendant.   The verdict of the jury, therefore, cannot be set aside as against, or not supported by, the evidence.   It was peculiarly within the prov-

ince of the jury to determine whose evidence was the more credible.

On the subject of custom the court instructed the jury as follows.:

"In regard to the evidence tending to prove custom, if you find that said custom existed, and that the plaintiff knew such custom, then you may consider that as a circumstance tending to prove that the parties contracted with reference to this alleged custom as to the delivery of said ties, *if there were no express agreement.*"

Defendant contends that this instruction was erroneous, inasmuch as the custom, being a general one, would be presumed to have entered into the contract, and that one may be bound thereby although ignorant of it, unless the other party be shown to have knowledge of his ignorance. Under the uncontradicted testimony in this case the question of place of delivery was provided for in the contract between the parties. It was either on the railroad track, as plaintiff testified, or at Rib Lake on board cars, as defendant claimed. That being so, evidence as to custom was erroneously received and should not have been considered by the jury, nor should any instruction relative thereto have been given. *Kosloski v. Kelly,* 122 Wis. 665, 100 N. W. 1037.

It is doubtful if the instruction of the court can be said to have submitted the question of custom to the jury, inasmuch as they were told they should consider the subject of custom only if there was no express agreement as to place of delivery. Since both parties assert that there was an express agreement relative thereto it is difficult to see what is left of the instruction. But if it be deemed to have been considered by the jury, it was, to the extent that it was considered, beneficial and not harmful to the defendant. Its claim was, through such instruction, given some support when it was entitled to none.

*By the Court.*—Judgment affirmed.