JOSEPH KLADIVO, Appellee, v. ALBETT HOSPODARSKY, Appellant.

**LANDLORD AND TENANT: Excessive Levy for Intermingled Claims—Remedy.** In an action for a *definite* amount of rent, to which is added a claim for a *definite* amount of money loaned, defendant's remedy for an excessive levy under the landlord's attachment is not by motion for a dissolution and discharge of the attachment *in toto.*

**MOTIONS: Must Be Ruled On as Presented.** Courts must pass on motions as presented—may not so recast an excessive motion as to give to movent that to which he is entitled. So held as to a motion to dissolve an attachment *in toto*, when movent's right was limited to a dissolution of attachment of *part* of the property.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

MAY 4, 1920.

THIS is an appeal because a motion to discharge the property seized under a landlord's attachment was overruled.—*Affirmed.*

*W. J. Baldwin,* for appellant.

*Rickel & Dennis* and *Henry G. Walker,* for appellee.

SALINGER, J.—I. The petition upon which the attachment was issued makes claim on notes confessedly due for rent.  It adds a distinct claim for money loaned in a stated sum.  The motion to discharge asks:

1. LANDLORD AND TENANT: excessive levy for intermingled claims: remedy.

"That said attachment be dissolved, set aside and recalled, and that all of the property attached 'be released from said attachment, and all costs incurred thereunder be taxed to the plaintiff."

The basis of the motion is the claim that the petition shows on its face that:

"The indebtedness sued on is not for rent of the premises described in the petition alone, but includes other items of indebtedness, so blended that it is impossible to say what portion of said property was attached under the landlord's lien, and what portion of said property was attached for the other indebtedness."

No matter how difficult it may be to ascertain exactly how much of the attachment had seized property for the payment of the rent due, and how much for the $19 borrowed money, it is perfectly clear how much of the claim of the appellant rests upon rent, and how much of it upon money loaned.  This situation makes many of the citations relied on by appellant inapplicable.  They are cases which cancel the lien and discharge the attachment because plaintiff has "so blended the rent account with other items that it is impossible to separate the one from the other, or if he so confuses them that, when payments are made, it is impossible to say which is paid, the rent or some of the other items." *Smith v. Dayton,* 94 Iowa 102, 107; *Ladner v. Balsley,* 103 Iowa 674, 680; *Erickson v. Smith,* 79 Iowa 374, 377.  To like effect is *First Nat. Bank v. Flynn,* 117 Iowa 493, 498. And we find little that is relevant to any material angle of this case in *Kendrick v. Eggleston,* 56 Iowa 128.  The exact question, then, is not what shall be done where plaintiff

makes a confusion which is not present in this case. The point to be passed upon is this: Where the petition adds a distinct claim, other than for rent due to a distinct claim for such rent, and thereon more property is attached than would be done if nothing but a claim for rent had been made, should the attachment be dissolved *in toto?* That the tenant might recover damages because the attachment had seized more of his property than was sufficient to secure the payment of the rent may be conceded. Indeed, it has been held that, in such case, he might recover, for one thing, "the value, if anything, of the use of said attached property from the date of said seizure to the present time, together with the depreciation, if any, in the reasonable market value of said property from the date of said seizure to the present time." *Ladner v. Balsley,* 103 Iowa 674, at 679, 680. But appellant did not ask damages because of the over-levy. And the question remains whether the fact that enough property was attached to secure the payment of $19 borrowed money warrants the canceling of the attachment, thus leaving plaintiff without any security for the payment of his distinctly made and larger claim for rent. It would seem that *Merritt v. Fisher,* 19 Iowa 354, disposes of this question against the appellant. There, there was a reversal because, under facts quite similar to the ones at bar, the court had sustained a motion to dissolve *in toto,* and it was said:

"If a disproportionate and unreasonable amount of property had been attached, and this is clearly made to appear, the excess can be discharged, on motion made for that purpose in the district courts. Courts have power over their writs, to prevent them from being unjustly or oppressively used."

The case of *Ladner v. Balsley,* 103 Iowa 674, 680, in distinguishing the *Merritt* case, in effect approves of it. In a word, whatever rights appellant had because said claim was

added to the claim for rent, it was not the right to have the attachment discharged in its entirety; and that is the only relief which was demanded and denied.

The trial court is not at liberty to reframe the application of the suitor for relief. It must pass upon it as made. It is limited to sustaining the application or denying it. *Mitchell v. Beck,* 178 Iowa 786, 813. In that case, we said:

2. MOTIONS: must be ruled on as presented.

"If it be conceded that defendant had the right to have part of the case tried in equity, he did not ask for this; and; as we have before said, the court neither had the power nor the obligation to reframe the motion, or to rule upon what the motion did not present."

We said, in *Sloanaker v. Howerton,* 182 Iowa 487, 491:

"If that were not so, the sole aim of the motion is to have the prayer stricken out *in toto.* Waiving all else, that prayer contained matter which should not be stricken; and, for this reason alone, the motion in this respect was rightly overruled. It was not for the court to reframe the motion. It had to be dealt with as presented, and all that could be done was to either grant it or deny it."

And we concluded that the motion was too broad, and that, therefore, it was right to deny it. To like effect is *Case & Co. v. Illinois Cent. R. Co.,* 184 Iowa 98. And see *Woodbine Bank v. Tyler,* 181 Iowa 1389, 1396; *Bullard v. Beck,* 174 Iowa 349, 355; *Gardner v. Kerlin,* 184 Iowa 793. —*Affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.