IN RE ESTATE OF HUGH NAIRN.

AGNES E. NAIRN, Administratrix, Applicant, v. FARMERS NATIONAL BANK of Webster City, Claimant.

No. 41656.

MARCH 7, 1933.

Martin & Alexander, for appellant administratrix and applicant.

Burnstedt & Hemingway, for appellee claimant bank.

ALBERT, J.—It appears from the record that the Farmers' National Bank of Webster City filed a claim in this estate on a promissory note, the principal amount being $3,500. The same was

tried in the district court to a jury, and from a judgment in favor of the bank, an appeal was taken to this court resulting in a reversal of the district court. The costs taxed in this court thereon amounted to $67.75. Procedendo issued with a certification of these costs, and thereupon the administratrix filed this application asking for the taxation of the costs in the district court, amounting to $33.25, and $67.75 in the Supreme Court, against the bank; also asking that she have judgment against the bank for costs both in this court and in the district court.

The bank filed a resistance thereto, and among other things pleaded a history of the litigation as to the $3,500 note and that the costs incurred in the district court and the Supreme Court were approximately $120.

It is further alleged that on May 16, 1925, the defendant bank held a promissory note, in the principal sum of $480, executed by the decedent, Hugh Nairn, during his lifetime, and the same is due and unpaid; that the same was filed in this estate on that date and asked that it be permitted to set off said promissory note against the aforesaid costs, and have the balance of said note allowed in the estate for the amount due thereon, less said costs; and for such other relief as might be proper.

A motion was made by the administratrix to strike from said resistance, as incompetent, irrelevant, and immaterial and constituting no defense to this application, all that part of said resistance which referred to the $480 note and the prayer for a set-off, and the allowance of the balance thereof as a payment against the estate on the ground that the same was not germane to the question raised by the application; and "prior to the determination of the application of said administratrix, there is no basis or foundation, if any there be, for the matters set forth in said resistance."

There was no ruling made on this motion to strike until after the hearing on this application was submitted, when the same was overruled.

The case was submitted on a stipulation of facts in which it was agreed that the amount of costs chargeable against the bank was $101. It was further stipulated that the $480 note was filed as a claim against the estate more than six months after the appointment of the administratrix, and no notice of the filing of said promissory note as a claim was served on the administratrix. To all that part

of the stipulation referring to the $480 note the administratrix objected as incompetent, irrelevant, and immaterial.

The court's ruling on this application was that the administratrix was entitled to the aforesaid costs, and the $480 was a valid liability of the estate and could be used as a set-off against the claim for costs, and the balance of the claim predicated on said $480 note be allowed as a claim against the estate.

Subsequently a supplemental ruling was filed by the court, the substance of which is that said promissory note could not only be used as a set-off, but the balance due thereon, over and above the costs taxed, was established as a valid claim against the estate. An order was made on the administratrix to pay such balance to the bank and she appealed.

There is no showing in the record that the administratrix, after her appointment, gave notice thereof as provided by section 11972, Code 1931, which was necessary to start the operation of the statute of limitations; hence we find no foundation for the claim that the $480 note was filed after the first six months, and we give no further attention to this proposition.

The crux of the appellant's contention is that where a motion or application of this kind is filed, a counterclaim or a petition for affirmative relief is not germane to the motion; hence appellant's motion to strike all reference to the $480 note in the resistance to the claim and objection to the same matter in the stipulation should have been sustained by the court.

Simply stated, the question is whether, when the plaintiff is entitled to judgment against the defendant for costs and makes a motion or application therefor, the defendant has a right, in resistance to such motion, to set up a disputed or unliquidated claim which the defendant owns against the plaintiff, and have the court determine whether or not the defendant is entitled to recover on such claim an offset of the same against the amount due the plaintiff to which the plaintiff is admittedly entitled to judgment. We are of the opinion that such practice is not permissible. The plaintiff herein was admittedly entitled to judgment against the defendant for these costs, and that being the question before the court, it should have granted his prayer for judgment for costs, and the unliquidated claim as to the $480 note should have been tried out as any other claim filed against the estate. This is necessarily so in this particular case because a part of the costs, to wit, those made in the district

court on the original trial of the $3,500 note, were due the county, not the administratrix.

It is a general rule in this state that a motion must be dealt with as presented and as framed be disposed of as such. That such has been our rule, see Kladivo v. Hospodarsky, 188 Iowa 1208, 177 N. W. 467, and cases therein cited.

Further than this, the general rule governing offset under these circumstances is applied when conditions are such that there is an attempt to set off judgment against judgments or costs against costs. See 15 C. J. 316 for a full discussion of this matter. A review of the cases cited in the note thereto, however, shows that they all deal with matters which are already adjudicated, and we can find no case—and none is cited by counsel—where it is permissible to offset between a judgment for costs and an unliquidated claim on a motion such as made herein.

We think the court erred in not sustaining the position of the appellant and entering judgment against the bank for these costs, and allowing the unliquidated claim to be disposed of in the regular way.—Reversed.

KINDIG, C. J., and EVANS, UTTERBACK, and DONEGAN, JJ., concur.