BEHRINGER, Respondent, v. MUCHOW, Appellant

(30 N. W.2d 5.)

(File No. 8937. Opinion filed December 12, 1947.)

Rehearing Denied Jan. 22, 1948.

**John Carl Mundt,** of Sioux Falls, for Defendant-Appellant.

**Gene E. Pruitt,** of Sioux Falls, for Plaintiff-Respondent.

HAYES, J. Plaintiff brought suit to recover damages for breach of warranty. His complaint alleged the purchase of a boar pig from defendant and that defendant expressly warranted said boar for the purpose of breeding. The complaint pleads also the lack of performance by the boar and the resulting loss to plaintiff. The answer of defendant admitted the sale to plaintiff as pleaded but alleges that the services of the boar were guaranteed only if he would be used in pen breeding. The answer alleges further that it was also understood between the parties that should the animal prove unsatisfactory the plaintiff would be obliged to make complaint within 30 days and return the boar. The defendant pleaded also the failure of the plaintiff to pen breed his sows, the absence of any complaint by the latter on account of the boar's failure to function and the existence of a well established custom respecting the conditions under which boars are sold with warranty. It is noted that the conditional to qualified warranty claimed by defendant to have been established by custom is the same as that which defendant pleads as having been the express verbal understanding between him and plaintiff.

After receiving defendant's answer plaintiff applied to the court, without notice to defendant, and obtained leave to serve an amended complaint. The amended complaint omits the word "expressly", descriptive of the elleged warranty on the part of defendant as pleaded in the original complaint, and adds averments of plaintiff's reliance upon the warranty and of notification to defendant that the boar had failed. Defendant's answer to the amended complaint, in addition to the matters pleaded in the answer to the original complaint, embraces a motion to dismiss the amended complaint for the reason that the same had been permitted upon an ex parte application. Said answer avers also the failure of plaintiff to carry out what defendant claims to have been the verbal understandings of the parties.

The issues thus presented were tried to the court without a jury and a decision and judgment in plaintiff's favor resulted. Thereafter defendant made a motion for a new trial predicated upon his claim of errors as reflected by the

assignments of error, to which reference will hereinafter be made, and upon the ground of newly discovered evidence. The appeal is from the judgment and from an order denying the motion for a new trial. Numerous assignments of error bring here for review the rulings of the trial court denying defendant's motion to dismiss plaintiff's amended complaint, excluding offers of defendant to prove the existence of a custom as pleaded by defendant, adopting findings favorable to plaintiff upon the evidence submitted and denying the motion for a new trial. We review said rulings in the order stated.

██ As pointed out above, plaintiff's motion for leave to amend his complaint was presented to the court without notice to defendant. Although we think that plaintiff should have proceeded to a hearing upon said motion as provided by SDC 33.1001, we fail to find that defendant was prejudiced or that there was an abuse of discretion on the part of the trial court in allowing the amended complaint. In the absence of a showing of an abuse of discretion to the prejudice of the party appealing this court will not disturb the order of the trial court granting leave to amend. Van Abel v. Wemmering, 33 S. D. 544, 146 N. W. 697; Union Investment Company v. Schonebaum et al., 42 S. D. 350, 175 N. W. 357. The amended complaint did not allege a new or different cause of action. The same but amplified the cause first stated and put defendant upon notice respecting the nature of the evidence upon which plaintiff intended to rely.

██ Defendant contends that he should have been allowed to show an established custom, consistent with what he claims to have been his understanding with the plaintiff, relative to the breeding of sows, under which custom plaintiff was obliged to pen breed or be left without recourse should the boar prove to be useless. In other words, no warranty would accompany the sale of a boar to be used in herd breeding. Defendant testified fully with reference to the conversation had between him and plaintiff and sought to prove that it had been agreed between them that plaintiff should pen breed or take the boar without warranty. Hav-

ing pleaded a specific understanding with the plaintiff and thereafter having testified in support of the agreement as pleaded we think that the trial court properly excluded offers of defendant to show what was or may have been a custom among boar dealers. A custom in accord with or different from the agreement of the parties would have no bearing upon nor affect the rights of either party to this transaction. Defendant gave his version of the agreement and understanding and, as related by him, the terms thereof specifically required plaintiff to do that which conformed with the custom defendant offered to disclose to the trial court. It appears to us that it was not error to sustain the objection to such offer. Most fitting here are the expressions of the eminent Winslow in Kosloski v. Kelly, 122 Wis. 665, 100 N. W. 1037, 1038, to wit: "The idea here was to show that a certain kind of contracts were usually made, and to argue from that fact that the defendant's version of the contract was more likely to be true than the plaintiff's version because it agreed with the contracts usually made. This is not a legitimate use of proof of custom. It is not the supplying of incidents or explanation of terms, but the bolstering up of one story as against another by evidence of purely collateral facts which merely tend to make the one story seem more likely than the other." See also 55 Am. Jur., Usages and Customs, § 30.

■ The testimony of the parties respecting their verbal understanding at the time of the purchase and sale of the boar was in sharp conflict. Plaintiff testified that in response to a newspaper advertisement he visited defendant's farm and inquired about boars defendant had for sale; that defendant exhibited a number of boars to plaintiff; that plaintiff then asked if these boars were guaranteed; that defendant replied that they were guaranteed; that plaintiff stated to defendant that he planned to turn the boar out with his sows about January 1 and would send some one to defendant's farm to get the boar; that he paid for the boar relying upon the warranty and that nothing was said about pen breeding or returning the boar to defendant within 30 days for an adjustment if he was found not to be a breeder.

Plaintiff further testified that he turned the boar to his sows as he had stated his plan to defendant and that his sows remained unbred after two months. Defendant testified that the understanding was as he had pleaded it. The trial court elected to believe the plaintiff and we find in the record no reason to say that plaintiff testified falsely or that the agreement between the parties was other than as found by the court.

The question yet remaining for our decision is whether the court erred in refusing to grant a new trial upon the showing of newly discovered evidence. Such showing is by affidavits of defendant and his attorney. Defendant's affidavit states upon information and belief that plaintiff's wife and another person own the farm where the sows were kept and owned also the said sows and boar and that he did not know what if any interest plaintiff had in the animals. The affidavit of defendant's attorney discloses that he had, after entry of judgment, found in the public records certain transfers of said farm to plaintiff's wife from third parties dated in 1935 and 1936 and that he then looked at an exhibit which was in the record. Said affidavit further states that a check given in payment of the sows sold on March 11, 1946, was made payable to Behringer & Schneider and was endorsed by plaintiff as a partner. It will be noted that the disclosures thus made suggest that a partnership may have been the real party in interest.

The statements of defendant on information and belief, coupled with defendant's declaration that he knew not what interest plaintiff had had in the animals in question, can hardly be elevated to the standing of newly discovered evidence or proof to be viewed as likely to produce a different result upon a retrial. The statements on the part of defendant's attorney respecting the discovery of land transfers 10 years old throw no light upon the question of ownership of the animals involved in this dispute. True, the check given upon sale of said animals indicated that the sows were property of a partnership at the time of said sale. We note, however, that plaintiff's exhibit 1 in the case is

his personal check in payment for the boar, dated December 19, 1945, and that exhibit 2, a hog pay ticket, was issued to Behringer & Schneider on March 11, 1946. Who may have been rightfully entitled to the proceeds of the check mentioned in the affidavit might have been a matter for inquiry at the trial had an issue respecting the ownership of the sows been tendered by the pleadings or had such issue developed during the trial. Further, defendant was tendered an invitation to open the question of ownership when plaintiff produced exhibit 2 and gave testimony identifying the same and reciting its contents. The exhibit spoke for itself and but casual inquiry at the trial would have brought to the attention of defendant the information disclosed by the check found by defendant after the trial.

The numerous decisions of this court reviewing the rulings of trial courts in granting or refusing new trial upon newly discovered evidence are cited and classified in Vol. 9 Dakota Digest, New Trial, Key 99 et seq. The holdings of this court have established that defendant's said motion was addressed to the sound judicial discretion of the trial court and that the exercise of such discretion will not be disturbed on appeal unless it has been abused; that the moving party must show that he could not with reasonable diligence have obtained and produced the testimony or proof at the trial, and that the newly discovered evidence must be material to the issues made by the pleadings and must be of such character and weight as would probably produce a different result. It is our opinion that the trial court did not abuse his discretion in denying defendant's said motion in view of the nature of the showing in support thereof.

The judgment and the order denying a new trial are affirmed.

All the Judges concur.