STATE, Appellant v. SCHWEITZER, Respondent

(171 N.W.2d 737)

(File No. 10677.   Opinion filed November 10, 1969)

**Gordon Mydland,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, **Larry F. Hosmer,** State's Atty., Yankton, for plaintiff and appellant.

**James E. Doyle,** Yankton, for defendant and respondent.

PER CURIAM:

Defendant, one of four men charged with rape in the first degree, made a motion, supported by affidavits of two defendants and their attorney based on information and belief, that the complaining witness be examined by a psychiatrist to be selected by defendant. At a hearing October 8, 1968, where both defendant's attorney and the State's attorney appeared and the latter made no showing, the trial court entered an order which denied defendant's motion, but "on its own motion" then ordered the complaining witness to submit herself for such an examination by a psychiatrist designated by the court. On October 24th the State gave notice of a hearing on October 30th of a motion, supported by affidavits, to quash the order requiring the examination at which time no representative of the State appeared and on January 24, 1969, the court entered an order denying the State's motion. Appeal by the State was permitted as provided by SDCL 1967, 23-51-5.

■  This court in State v. Klueber, 81 S.D. 223, 132 N.W.2d 847, reviewed the authorities and wrote that such examinations should be granted " 'only upon a substantial showing of need and justification.' * * * the moving party's burden is not light." Here, as was said in Klueber, defendant's showing "falls far short of this requirement." The court therefore was correct in denying defendant's motion.

■  However, the court then had no authority on its own motion to enter the part of the order stated above requiring the complaining witness to submit to the examination. Defendant's motion was limited to the examination by a psychiatrist selected by defendant. See 37 Am.Jur., Motions, Rules and Orders, § 10, p. 506; Kladivo v. Hospodarsky, 188 Iowa 1208, 177 N.W. 467;

In re Nairn's Estate, 215 Iowa 920, 247 N.W. 220; Vore v. State, 158 Neb. 222, 63 N.W.2d 141. Such action does not come within the rule permitting a court to act sua sponte, 37 Am.Jur., ibid, § 26, or during trial. Behringer v. Muchow, 72 S.D. 80, 30 N.W.2d 5. In result the ruling applies Wigmore's recommendation announced in his Treatise on Evidence, 3rd Ed., § 924a, which the court rejected in Klueber as not necessary or advisable.[1]

It is not necessary to discuss the point as to whether the trial court gave consideration on the motion to quash to affidavits neither served [see SDCL 1967, §§ 23-1-3 and 15-6-6(d) and 37 Am.Jur., Motions, Rules and Orders, § 11] nor mentioned in the order denying the State's motion to quash, but later made a part of the settled record or to the suggestion made at oral argument of a change of circumstances which would obviate the necessity of the order appealed from for the reason a different record may be presented in further proceedings. In view of the record before us the State's motion to quash the prior order should have been granted. 37 Am.Jur., Motions, Rules and Orders, § 32. The order appealed from is reversed.[2]

ROBERTS, J., concurs in result.

HANSON, J., dissents.

HANSON, Judge (dissenting).

In my opinion this matter should be remanded to the trial court for further proceedings or the appeal should be dismissed as improvidently granted for the following reasons:

---

1. It will be noted Wigmore cites little authority for the rule he espouses; they are mainly reports of psychiatrists of extreme examples in histories of girls 19, 16, 13, 9½ and 7 years of age where their repeated accusations were patently false and evidence of their reputations for telling the truth could easily be shown at the trial to be bad under current rules. The present appeal involves a married woman with three children.

2. Defendant has not cited either RCP 35 or SDCL 1967, 19-6-1 thru 19-6-11, nor based his claim of the examination on them. Without intimating any opinion as to that, RCP 35 limits the examination to a "party" upon notice to the "party to be examined"; this witness was not a party to the action nor was any notice given as required therein or by SDCL 1967, 19-6-2.

I. The State's application to dismiss the order for a psychiatric examination of the complaining witness was set for hearing on October 30, 1968. At the time of hearing no one appeared for or on behalf of the State. Defendant appeared and was prepared to supplement his request for the order requiring a psychiatric examination of the complaining witness. Defendant's supplemental affidavits, dated October 30, 1968, show:

a. The complaining witness testified falsely at the preliminary hearing concerning prior psychiatric care;

b. The complaining witness had received treatment for mental illness on an initial complaint of "sex and marital difficulties" and was taking drugs for her condition;

c. She was in need of further treatment, but withdrew from the South Dakota Mental Health Center;

d. According to the Director of the Mental Health Center the complaining witness could, in his opinion, falsely accuse defendant because of her mental health condition and further examination of her was imperative in order to determine this question.

As the State did not appear at the hearing on October 30 this supplemental showing was never presented or considered by the court. On January 24, 1969 the State, without notice to defendant, obtained an Order Denying the State's Motion to Dismiss. The State was granted permission to appeal from this intermediate order.

The supplemental showing made by defendant would appear to be a "substantial showing of need and justification" for the psychiatric examination of the complaining witness before trial as required by State v. Klueber, 81 S.D. 223, 132 N.W.2d 847. On remand it could be considered.

II. Furthermore, it appears the complaining witness is now a patient at the State Hospital receiving treatment for mental illness which renders the issues moot.

III. The majority opinion merely compounds the procedural confusion in this case and denies defendant an opportunity to have his supplemental showing heard and the right to have the complaining witness psychiatrically examined.