## STATE v. SASSE.

1. One who sells intoxicating liquor to a minor, though innocently ignorant of the fact, violates and incurs the penalty of the law, notwithstanding the purchaser makes an affidavit that he is over the age of 21 years. While good faith and honest intention constitute no defense, evidence of that character should be considered in mitigation of the penalty.

2. This court, having declared the provisions of the prohibitory law to be constitutional in the case of State v. Becker, 51 N. W. 1018, so far as they relate to the subject of unlawful sales, declines to consider other constitutional questions raised in appellant's brief, but not discussed, and which in no manner affect the accused.

(Syllabus by the Court. Opinion filed Nov. 19, 1894.)

Error to circuit court, Clark county. HON. J. C. ANDREWS, Judge.

Indictment charging defendant with unlawfully selling intoxicating liquor to a minor. From a judgment of conviction he brings error to this court. Affirmed.

The facts are stated in the opinion.

*F. E. Strawder, C. G. Sherwood* and *F. E. Van Liew,* for plaintiff in error.

Intent is necessary to the commission of a crime, and it is a good defense to a charge of selling intoxicating drink to a minor, that the dealer has good reason to believe, and did believe, him to be of age. Sockett Instr. to Jur. 735; Farrell v. State, 32 O. St. 456; Faulks v. People, 39 Mich. 200; Gaine v. State, 21 S. W. 367; Reynolds v. State, 22 S. W. 18; Robins v. State, 63 Ind. 235; Anderson v. State, 22 O. St. 305; Adler v. State, 55 Ala. 16; State v. Hoagland, 77 Ia. 135; Brooks v. State, 4 San. 343; Williams v. State, 3 S. W. 661; Kreamer v. State, 106 Ind. 192.

The statute with the violation of which the indictment charges the defendant is unconstitutional because it is class legislation. Const. Art. 6. Section 18; Sess. L. 1890—224; People v. Hang, 68 Mich. 549. Also unconstitutional because it forbids importation. Lersey v. Hardin, 135 U. S. R. 100; Const. N. S. Art. 1, Section 8; Const. S. D. Art. 6, Sections 26, 27. Also unconstitutional because it provides that the finding of such intoxicating liquor upon such premises shall be *prima facie* evidence of the existence of the nuisance complained of. Sess. L. 1890, 236; State v. Beswick, 13 R. I. 211; Const. U. S. Art. 6, Art. 14, Section 1. Also unconstitutional because it embraces more than one subject, all of which are not expressed in the title. Black Intox. L. Sections 38, 60; Cooley Const. Lim. 433; Const. S. D; Art. 3, Section 21; Sess. L. 1890, pp. 222 and 240; Town of Contril v. Samer. 59 Ia. 26; People v. Beodle, 60 Mich. 22; Holly v. State, 14 Tex. app. 505.

*Coe I. Crawford,* Attorney General, and *S. H. Elrod* for defendant in error.

All errors designed by plaintiff in error and not discussed in his brief and argument are deemed to be abandoned. State v. Tuchman, 28 Pac. 1004; State v. Jockheck, Id. 1007. It was not error for the trial court to refuse to give the instruction asked by defendant, that intent is a material element of a crime

and without it a crime cannot be committed. People v. Lee Chuck, 8 Am. Cr. R. 450; Spies v. People, 6 Id. 695; Toledo v. Ingreham, 77 Ill. 309; Kendall v. Brown, 86 Ill. 387; Skiles v. Caruthers, 88 Ill. 458; Rice v. DesMoines, 40 Ia. 638; People v. Cleveland, 49 Cal. 577; N. S. v. Adams, 2 Dak. 306; Reynolds v. N. S. 8 Otto. 167; Territory v. Chartrand, 1 Dak. 363; People v. Clark, 24 Pac. 313; State v. Halfield, 24 Wis. 60; Comm. v. Emmons, 98 Mass. 6; 3 Green. Ev. Section 21; State v. Caim, 9 W. Va. 559; Comm. v. Finnegan, 124 Mass. 324; Roborige v. Burnham, 124 Mass. 277; McCutcheon v. People, 69 Ill. 601; Ulrich v. Comm. 6 Buch. 400; Barnes v. State, 19 Conn. 397. The indictment was good because it set forth the nature and cause of the accusation; names of party and minor; the time and place and the kind of intoxicating liquor. Comp, L. Section 7213; Const. Art. 6, Section 7; U. S. v. Gooding, 12 Wheat. 460; U. S. v. Britton, 107 U. S. 655; Cannon v. U. S. 116 N. S. 55; U. S. v. Mills, 7 Pet. 138.

The act is constitutional. State v. Mitchell, 3 S. D. 223; 52 N. W. 1052; State v. Becker, 3 S. D. 29; 51 N. W. 1018. The jury are the judges of the law except in cases of criminal libel. Comp. Laws, Sections 7372, 7373, 7374.

FULLER, J. The plaintiff in error was charged with, indicted for, and convicted of the offense of selling intoxicating liquor to a minor, in violation of section 5. C. 101, Laws 1890, which provides that "any druggist or pharmacist, or assisstant pharmacist in his employ, who shall   *   *   *   sell any intoxicating liquor, to any person whom he has reason to believe desires the same to use as a beverage; or shall sell liquor when he has reason to believe the liquor sold is not a remedy for the ailment described in the affidavit therefor; or shall sell, barter or give away, any intoxicating liquors to any minor,   *   *   * shall be deemed guilty of a misdemeanor.   *   *   *" Upon a verdict of guilty, as charged in the indictment, the trial court imposed the minimum penalty of the law, and defendant ap-

peals to this court.   As the statute creating and describing the offense upon which this indictment is based has been carefully considered by this court, and declared to be constitutional so far as the same can affect this case, a re-examination of the constitutional questions discussed by counsel for plaintiff in error is deemed to be neither instructive nor essential to a determination of this appeal.   State v. Becker (S. D.) 51 N. W. 1018.

The indictment contains no averment that defendant knew that the person to whom he sold intoxicating liquor was a minor, and a demurrer which raised the question was overruled, and the case was tried and submitted to the jury upon the theory that the defendant's knowledge of the age of the person to whom the liquor was sold is not an essential element of the offense with which he was charged; and, as the assignments of error relate to the rulings of the court consistent with the view that a want of knowledge is no excuse, a consideration of that question involves the various points presented, and is the only question necessary to be determined.  It appears from the evidence that the defendant, in pursuance of the prohibitory liquor law, had obtained from the county judge, and held, a druggist's permit to sell, under certain restrictions, intoxicating liquors for medical, scientific, sacramental, or mechanical purposes, and that the person to whom the alleged illegal sale of one quart of alcohol was made at least signed the necessary affidavit containing all the statutory requirements, including a statement that the applicant was over the age of 21 years and the defendant testified that, at the time he sold the intoxicating liquor, he believed the purchaser to be over 21 years of age.   That part of the provision which fixes the penalty in case a druggist sell intoxicating liquor to a person whom he has reason to believe desires to use the same as a beverage, or when he has reason to believe that the liquor sold is not a remedy for the ailment described in the affidavit, seems to involve the question of knowledge and intent; and, as the same im-

mediately precedes the clause ''or shall sell, barter or give away, any intoxicating liquor to any minor,'' it suggests that the legislature intended to impose the risk and hazard of selling to a minor upon the druggist, who must in all cases deal face to face with the purchaser of intoxicating liquors, and who is bound to know that such purchaser is over the age of 21 years. The word ''knowingly'' being omitted from that part of the act relating to minors, and no word of similar import being used, it is evident that good faith is unimportant, and the evidence of criminal intent no excuse, when intoxicating liquor has in fact been sold to a boy under the age of 21 years. As a rule, ignorance of fact and absence of criminal intent is a competent defense to a criminal charge; but a distinction is made between acts or omissions containing the element of turpitude and wrong in themselves, and such as are made criminal by statutory enactment designed to promote the welfare of society. In making this distinction, Prof. Greenleaf says:    ''This rule [that ignorance of fact will excuse] would seem to hold good in all cases where the act, if done knowingly, would be *malum in se.*    But where a statute commands that an act be done or omitted which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute, it seems, will not excuse its violation.    That, for example, where the law enacts the forfeiture of a ship having smuggled goods on board, and such goods are secreted on board by some of the crew, the owner and officers being alike innocently ignorant of the fact, yet the forfeiture is incurred, notwithstanding their ignorance. Such is also the case in regard to many other fiscal, police, and other laws and regulations, for the mere violation of which, irrespective of the motives or knowledge of the party, certain penalties are enacted; for the law, in these cases, seems to bind the party to know the facts, and to obey the law at his peril.'' 3 Greenl. Ev. sec. 21.    The law prohibiting the sale of intoxicating liquor to a minor belongs to the class above mentioned,

and its provisions have been framed with a view to bringing it clearly within the exception to the rule; so that ignorance of the age of the person to whom the liquor was sold was no excuse, and irrespective of good faith and honest intention, the mere fact of selling to a minor constitutes the entire offense. State v. Cain, 9 W. Va. 559; Whart. Cr. Law, 88; Redmond v. State, 36 Ark. 58; State v. Kinkead, 57 Conn. 173, 17 Atl. 855; State v. Bruder, 35 Mo. App. 475; State v. Hartfiel, 24 Wis. 60; McCutcheon v. People. 69 Ill. 602; State v. Colman, 48 Iowa 567; People v. Francis, 52 Mich. 577, 18 N. W. 364; Com. v. Finnegan, 124 Mass. 324; State v. Lawrence, 97 N. C. 492, 2 S. E. 367; State v. Clottu, 33 Ind. 409.

Plaintiff in error sold the liquor, charged by the statute with the knowledge that the purchaser was a minor; and proof that he acted in good faith, relying upon the sworn statement of such purchaser that he was over the age of 21 years, though mitigating in its character, was not competent as a defense upon the trial; and the court neither erred in giving its instructions to the jury or in refusing instructions offered by counsel for the defendant to the effect that, in the absence of knowledge or intent, there could be no conviction. That the defendant, at the time and place mentioned in the indictment, sold intoxicating liquor to the minor named therein, stands admitted; and the fact that the court, upon a verdict of guilty as charged in the indictment inflicted the lightest penalty authorized by the statute, indicates that due consideration was given to mitigating circumstances; and there being no reversible error in the record, the judgment is affirmed.