STATE v. DORMAN.

1. An indictment charging that defendant did willfully, etc., "cut and remove" from school land certain timber then and there growing, charges an offense within Laws 1890, Chap. 140, Sec. 2, prescribing punishment for any person "who shall remove" any timber standing or growing on such land; the word "cut" being mere surplussage.

2. The statute does not require that the offense shall be "knowingly" committed, and hence it is no defense that defendant did not know that the land from which he removed the timber was school land.

3. Comp. Laws, Sec. 6215, providing that "all persons are capable of committing crimes except  *  *  *  (5) persons who committed the act or made the omission charged, under an ignorence or mistake of fact which disprove any criminal intent," is only applicable to a class of cases where a scienter is material to constitute the offense.

4. The bill of exceptions, unless corrected in the manner provided by statute (Comp. Laws, § 7443), is conclusive upon the supreme court.

(Opinion filed April 6, 1897.)

Error to circuit court, Lyman county.   Hon. FRANK B. SMITH, Judge.

Robert Dorman was convicted of removing growing timber from school lands, and brings error.   Affirmed.

The facts are stated in the opinion.

*E. L. Drury* and *John G. Bartine,* for plaintiff in error.

The indictment charged both a felony and a misdemeanor, and it is reasonable to infer that the jury were misled.   State v. Hafsoos, 1 S. D. 382, 47 N. W. 400.   Defendant has a right to know the exact nature of the offense charged against him. State v. Burchard, 4 S. D. 548, 57 N. W. 491.   Criminal intent must be shown.   § 6215, Comp. Laws; U. S. v. Adams, 2 Dak. 329; People v. Powell, 63 N. Y. 88; Com. v. Morse, 2 Mass. 138.

*Coe I. Crawford,* Attorney General, for defendant in error.

Defendant was bound to know whether or not the land was school land, and ignorance cannot excuse him.   State v. Sasse, 6 S. D. 212, 60 N. W. 853.

CORSON, P. J.   The defendant was indicted, tried and convicted of the offense of removing growing timber from school lands belonging to the state, and was sentenced to pay a fine of $1,025, and to stand committed until the fine should be paid. The case comes before us on writ of error to the circuit court of Lyman county.   The indictment charges that on the 11th day of July, 1895, at the county of Lyman, state of South Dakota, did willfully, feloniously and unlawfully cut and remove from section 16, township 106, range 74, in said county of Ly-

man, which section was then and there school and public land of the state of South Dakota, certain timber then and there standing and growing on said section, contrary to the form of the statute in such case made and provided. When the first witness was called on behalf of the state, the defendant objected to the admission of any evidence under the indictment, on the ground that the facts stated in the same did not constitute a public offense. This objection was overruled, and the defendant excepted.

It is contended by the defendant that two offenses are attempted to be charged—one under Sec. 1, Chap. 40, Laws 1890, and one under Sec. 2 of that chapter. Sec. 1 provides that: "Any person or persons who shall commit willful waste or depredation on any school or public lands of the state  *  *  * or who shall remove from said lands any wood, hay, stone or other valuable thing, naturally a product of, or an appurtenance to, said land, shall be deemed guilty of a misdemeanor." Sec. 2 reads as follows: "Any person or persons who shall remove or attempt to remove any timber or wood standing or growing on said public and school lands shall, in addition to the penalties provided for in this act, and on conviction thereof be punished by a fine of not less than $1,000.00 nor more than $2,000.00, or by imprisonment in the penitentiary for not less than one year nor more than five years, or both, in the discretion of the court." We are of the opinion that defendant's contention is not tenable. The offense charged comes clearly within the provisions of the second section. It is true that the cutting of standing timber is not made an offense by itself, and that term is not used in the second section; neither is it used in the first section. As used in the indictment, it is descriptive of the manner of the removal. It is difficult to conceive how standing timber can be removed except by first cutting it. The indictment charges all the facts necessary to constitute the offense under the second section, and the insertion of the word "cut" would, in any event, be mere surplussage.

At the conclusion of the trial the defendant requested the court to charge the jury, in substance, that before the defendant could be found guilty, they must find that he had actual knowledge that the timber he was removing was from the land of the state, and that, if he was ignorant of that fact, he could not be convicted. This instruction was refused by the court, and it gave the following instruction upon that subject: "The court instructs you, as a matter of law, that section 16 of each and every civil township is a school section, and that every person is presumed to know that section 16 of each and every civil township is a school section, and it is no defense for this defendant to say that he did not know that the timber he removed or attempted to remove, if he removed or attempted to remove any, was standing or growing upon said school section 16, township 106, range 74, if, as a matter of fact, it was then standing or growing upon said school section. Therefore, if you believe from all the evidence, beyond a reasonable doubt that the defendant at any time within three years next preceding the 7th day of July, 1896, did willfully remove any timber which was, as a matter of fact, then standing or growing upon said school section 16, township 106, range 74, in Lyman county you should find the defendant guilty, no matter whether he knew it was a school section or not." As will have been noticed, the section provides that "any person or persons who shall remove any timber or wood standing or growing on said public and school lands," etc. Neither the term "knowingly," nor any term of similar import, is found in the section. The doing or the attempting to do the act prohibited constitutes the offense. The object, evidently, sought to be accomplished by the statute, is the protection of the standing timber and wood upon the public lands of the state. Hence every person is charged with the duty of ascertaining, at his peril, that the lands from which he attempts to remove the standing or growing timber or wood is not public and school lands of the state. The case comes clearly within the principle decided by this

court in State v. Sasse, 6 S. D. 212, 60 N. W. 853, and is ruled by that decision.

The learned counsel for the defendant have called our attention to Sec, 6215, Comp. Laws, which reads as follows: "All persons are capable of committing crimes except those belonging to the following classes * * * (5) persons who committed the act or made the omission charged, under an ignorance or mistake of fact which disproves any criminal intent,"—and contend that as the defendant testified that he did not know that the land upon which he cut the timber was a school section, which evidence was undisputed, he should have been acquited, and the court should have charged the jury, as requested, as his want of knowledge constituted a good defense. But we cannot agree with counsel in their contention that the provision applies to a case like the one before us. Mr. Wharton, in his work on criminal Law (volume 1, § 88), lays down the general rule as follows: "When a statute makes an act indictable, irrespective of guilty knowledge, then ignorance of fact, no matter how sincere, is no defense." The same author says in the previous section (87): "We may therefore conclude that, when a particular intent is necessary to constitute the offense (e. g. in larceny, *animus furandi;* in murder, malice), then ignorance or mistake is evidence to cancel the presumption of intent, and to work an acquittal, either total or partial." The author in these two sections makes plain the distinction between the two classes of cases,—one *mala in se*, in which the intent governs; and the other *mala prohibita*, in which the only inquiry is, has the law been violated? In support of the main proposition, and the classes of cases referred to in the section in which this doctrine has been applied, the learned author cites a very large number of authorities, though he admits that there are cases holding a contrary view, and cites them. Mr. Bishop, in his late revision of his work on Criminal Law, takes the opposite view, and advocates it with his usual learning and vigor. It seems to us, however, that

the law as laid down by Mr. Wharton is sustained by the weight of authority, and hence we followed it in State v. Sasse, *supra*. We cannot believe that the legislature, by the provision we have quoted, intended to make any radical change in the criminal law, or intended the provision to apply to any cases other than crimes *mala in se*. The California Criminal Code contains the same provision, and, while it has never been construed by the supreme court of that state, Mr. Deering, in his notes to the section, says, "where, however, a scienter is irrelevant, ignorance or mistake of fact is no excuse;" citing a large number of authorities clearly indicating that, in the view of that learned annotator, that provison has no application to the case we are now considering. We conclude, therefore, that the subdivision we have quoted is only applicable to a class of cases where a scienter is material to constitute the offense, and does not apply to the case at bar. The learned court therefore committed no error in refusing to give the instruction requested by the defendant, or in charging the jury upon the subject of knowledge.

It is further assigned as error that the court erred in correcting the stenographer's notes and the bill of exceptions before the same was settled. This error, if any was committed cannot be considered on this writ of error. If the defendant claimed that the bill of exceptions was not correctly settled, the remedy is provided by Sec. 7443, Comp. Laws. The bill of exceptions, as settled, unless corrected in the manner indicated, is conclusive upon this court.

These are the only errors that we deem of sufficient merit to warrant a discussion, but we have fully considered all presented by the record. Finding no error in the record, the judgment and order denying a new trial are affirmed.

HANEY, J. This action cannot be distinguished in principle from that of State v. Sasse, *supra*. Were it not for that decision I would dissent in this case.