## STATE v. BRADLEY.

1. Under laws 1897, Chap. 72, § 11, making it unlawful to sell, furnish, or give away intoxicating liquors to a minor, an indictment alleging an unlawful selling and giving away of intoxicants to a minor charges a single offense.

2. Under laws 1897, Chap. 72, § 11, making the fact of selling intoxicants to a minor *prima facie* evidence of an intent to violate the law, an accused indicted for such selling may show that he acted in good faith, without criminal intent, and was innocently ignorant of the purchaser's minority.

(Opinion filed October, 2, 1901.)

Error to circuit court, Davison county. Hon. FRANK B. SMITH, Judge.

Joseph P. Bradley was convicted of unlawfully selling intoxicating liquors to a minor, and he brings error. Reversed.

T. J. *Spangler* and A. B. *Kittredge,* for plaintiff in error.

*John L. Pyle,* Attorney General, for the state.

FULLER, P. J. As a point requiring the reversal of a judgment forfeiting the license of plaintiff in error to sell intoxicating liquors and imposing a fine of $100 it is claimed by his counsel that more than one offense is charged in the following information: "That Joseph P. Bradley, late of the county aforesaid, yeoman, on the 7th day of March, in the year of our Lord 1900, at the city of Mitchell, in the county of Davison, and State of South Dakota, then and there did unlawfully sell, furnish, and give away spirituous, malt, brewed, fermented, and vinous liquors to one William Hannett, he, the said William Hannett, being then and there a male person under the age of twenty-one years." Section 11, Chap. 72, Laws 1897, provides that: "It shall not be lawful for any person to sell,

furnish or give away any spirituous, malt, brewed, fermented or vinous liquors to any minor. * * * The fact of selling, giving or furnishing any liquor in any place where intoxicating liquors are sold or kept for sale to any minor, * * * shall be *prima facie* evidence of an intent on the part of the person so selling, giving or furnishing said liquor to violate the law." As the willful act of supplying a minor with intoxicating liquor violates the statute, and subjects the offender to a single penalty, regardless of the precise nature of the transaction, an information reciting in substance that at a specified time and place the accused sold, furnished, and gave such liquor to a person named, who was then and there under the age of 21 years, charges but one offense, and proof of either of such prohibited acts is entirely sufficient. It appears to be well settled that, when several acts governed by the same penalty, and similar in effect, are forbidden disjunctively in a penal statute, the pleader may generally charge them all conjunctively in a single count. In State v. Schweiter, 27 Kan. 499, it was so held in construing a statute like this, and the court say: "Where the statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall have been committed by different persons and at different times, they may, when committed by the same person, and at the same time, be coupled in one count, as constituting all together one offense only. In such cases the offender may be informed against as for one combined act in violation of the statute, and proof of either of the acts mentioned in the statute and set forth in the information will sustain a conviction." Mr. Black thus states the prevailing doctrine: "It is a general rule that, where several cognate acts are forbidden in the statute disjunctively, the complaint or indictment may ordinarily charge them

all conjunctively in a single count, if the reference is to one transaction, for which a single penalty is incurred. In accordance with this rule it is held that, if the statute makes it an offense for any one to 'sell or give away' intoxicating liquors, the indictment may charge that the defendant 'did sell and give away,' such liquors, without being open to the charge of duplicity." Black, Intox, Liq. 441. As the doing of either one or all of the forbidden acts in the manner specified in the information constitutes a single offense, the gravamen of which is the disposition of intoxicants to a minor, they may be charged conjunctively, and the following authorities so hold: Com. v. Miller, 107 Pa. 276; Com. v. Dolan, 121 Mass, 374; State v. Pittman, 76 Mo. 56; Boldt v. State, 72 Wis. 7, 38 N. W. 177; State v. Brown, 36 Vt. 560; State v. Ball, 27 Neb. 601, 43 N. W. 398; U. S. v. Hull (D. C.) 14 Fed. 324; Com. v. Nichols, 10 Allen, 199; Com. v. Eaton, 15 Pick. 273; State v. Nolan, 15 R. I. 529, 10 Atl. 481. Consonant with the view that the accused stood charged by the statute with full knowledge that the person procuring the liquor was a minor, and that good faith and honest intent was no defense, the trial court excluded all testimony of that character, and instructed the jury as follows: "I say to you, gentlemen that the question of the intent of this defendant to violate the law, the question of his good faith or bad faith, the question of whether he believed William Hannett to be 21 years old or not, has nothing to do with this case. He is bound to know whether he was 21 years old or not, and whether he acted in good faith or bad faith is not for you to determine. The only matters for you to determine are only those I have stated to you—whether or not, within the time and county I have stated, he gave away or sold intoxicating liquors to William Hannett, and whether or not he was at that time under the age of 21 years." In State v. Sasse, 6 S. D. 212, 60 N. W. 853, 55 Am. St. Rep. 834, it

was held, in construing a provision of what is known as the "Pro-
hibitory Liquor Law," that, as absence of criminal intent was no ex-
cuse, evidence of good faith was inadmissible for the reason that the
legislature had purposely imposed upon the dealer all the risk and
hazard of selling to a minor; and by that case the trial court appears
to have been governed. The controlling distinction between the two
provisions is that "the fact of selling, giving, or furnishing any liq-
uor * * * to any minor" was by the prohibitory law made
conclusive and irrebuttable proof of guilt, while in the enactment now
before us it is expressly declared that such proof "shall be *prima facie*
evidence of an intent on the part of the person so selling, giving, or
furnishing said liquor to violate the law." From the former statute
the word "knowingly" and all expressions of similar import, were
omitted, so that ignorance of fact did not excuse, while under the
present law proof that the liquor was actually sold, given, or fur-
nished to a minor amounts to no more than a *prima facie* case, which
as a matter of course, the accused had a right to rebut and overcome.
Although the proposition is perhaps too plain to justify the citation
of supporting authority, the precise question arose in Michigan un-
der a statute the same as ours, and from a decision of that court we
quote as follows: "When the person selling has knowledge that the
person purchasing is a minor, the presumption is conclusive that he
intended to violate the act. It is evident, however, that the legisla-
ture had in view that there might exist facts and circumstances at-
tending a sale of liquor to a person who was in fact a minor which
would show that the seller had no intent of violating the law. A
minor who is just approaching his majority may have the appear-
ance of persons much older than 21 years, and if, on being inquired
of, he should assert that he was of full age, a dealer might sell him
liquor in good faith, and without any intention of violating the law.

The plain inference from the language of this section of the statute is that there must be an intent to violate the law in order to convict, otherwise it would be idle to provide that selling to a minor in a certain place should be deemed *prima facie* evidence of an intent to violate the law. If a sale to a minor in a saloon or elsewhere, in ignorance of his being a minor, and under such facts and circumstances as would warrant an honest, prudent, and cautious man to believe that he was an adult, constitute an offense punishable under this statute, then the last clause of Section 13 (Pub. Acts 1887, No. 313) had better be stricken out as entirely needless. But the rules of construction require us to give effect to every clause of a statute where it can be done without destroying the sense or effect of the law ; and, giving effect to this clause, the people made a *prima facie* case when they proved that the liquor was sold to Phillips in a place where liquors were kept for sale. But the defendant had a right to rebut and overcome this *prima facie* case by showing that Phillips was in fact 21 years of age, or by satisfying the jury, if he could, that the size and appearance of the boy, coupled with his statement that he was over 21 years of age, led him in good faith to believe that Phillips was not a minor, and that the facts and circumstances were such as would warrant the jury in arriving at the conclusion that the defendant did not intend to violate the law." People v. Welch, 39 N. W. 747. Whether written notice by the wife of a person in the habit of becoming intoxicated is necessary to establish her right to damages for the sale to him of intoxicating liquors was the only question essential to the decision of Sandige v. Widmann, 12 S. D. 101, 80 N. W. 164, and consequently that case has no application to the question now before us.

The remaining assignments of error discussed in the brief of counsel for the accused are not likely to again arise, and therefore

require no special attention. The legislature having, by irresistible inference, given the accused the right to show that he acted in good faith, without criminal intent, and was innocently ignorant of the fact that the purchaser was under the age of 21 years, it was fatal error to exclude his rebutting testimony, and give the *prima facie* case made by the state the force and effect of an incontestable verity. The judgment of conviction is therefore reversed, and a new trial granted.