STATE, Respondent, v. SCHULL, Appellant

(279 N. W. 241)

(File No. 8153. Opinion filed April 22, 1938.)

*J. G. McFarland,* of Watertown, for Appellant.

*Clair Roddewig,* Atty. Gen., *Ellsworth Evans,* Asst. Atty. Gen., and *Alan L. Austin,* State's Atty., of Watertown, for the State.

WARREN, J.  Defendant was convicted under count 2 of the information which charged him with the violation of chapter 12 of the Special Session Laws for 1933, and acts amendatory thereof.  The information alleged that the defendant, who was the holder of a class D license for the retail sale of nonintoxicating beer, "did wilfully and unlawfully sell Harry Schnackenberg, a person under the age of 18 years, a pitcher of non-intoxicating beer."  The defendant has appealed from the final judgment of conviction and the order denying his motion for a new trial.

We interpret the record as showing that the appellant licensee was not present at the time of the alleged sale of the pitcher of nonintoxicating beer to Schnackenberg and that he did not know about the transaction and had nothing to do with the sale and that the sale was by one Myra Fish, his employee, without the knowledge or consent of the appellant.  Schnackenberg was not 18 years of age, even though he had the appearance of a fullgrown man. Appellant attempted to show that Schnackenberg was emancipated and that he had stated that he was over 18 years of age and that appellant honestly believed he was over 18 years of age.  All of the evidence submitted by the appellant as to his belief of Schnackenberg's age, that he had given positive instructions to all of his employees not to sell nonintoxicating beer to any person under the age of 18 years, and that he had signs on the outside and inside of his place of buisiness that nonintoxicating beer would not be sold to minors, was consistently refused by the court.  Appellant also requested instructions as to his good faith that he had ordered his employees not to sell to persons under the age of 18 years, that he was not present and had no knowledge of the transaction, which requested instructions were by the court refused. Appellant assigns as error the giving of instruction No. 7, which is as follows: "Under the statute you are instructed that the question of intent to violate the law is not in issue nor does the question of

his good faith or bad faith nor whether he believed Harry Schnackenberg to be eighteen years old or not, have anything to do with this case. The defendant, as a licensee, and under the law quoted to you, is bound to know whether Harry Schnackenberg was 18 years old or not, and whether he or his waitress acted in good faith or bad faith is not for you to determine. The only question for you to decide in this case is whether or not on the 6th day of October, A. D. 1937, the defendant, Arthur Schull, sold non-intoxicating beer to one Harry Schnackenberg, and whether or not he was at that time under the age of eighteen years as provided by statute." The above instruction was objected to on the ground that it did not state the law fully and correctly, and that it stated the law erroneously under the provisions of section 3583, subdivision 5, Revised Code of 1919.

Appellant, for the convenience of the court, has grouped his argument under two questions: First, in substance, can the defendant, during the course of the trial, introduce evidence of his lack of knowledge of the minor's age and his good faith as part of his defense to the charge? Second, under the statute in question, is the licensee liable for the acts of his employees in the sale of nonintoxicating beer to minors and under what circumstances will he be exonerated, if any? We believe that this opinion may be materially shortened by treating the two together.

From the reading of section 16 of chapter 12, 1933 S. D. Special Session Laws, it will be observed that the Legislature placed the burden upon the licensee (and he alone under the act) not to sell or give any nonintoxicating beer or wine to any person under the age of 18 years. It would therefore seem reasonable that the Legislature intended to hold the licensee responsible for any offenses committed by virtue of and under the license issued by the state to him. Appellant contends that he should have been permitted to introduce evidence to show his lack of knowledge of Schnackenberg's age and that he believed Schnackenberg was a person over 18 years of age, that intent is always an element of a crime, and that the court erred in not permitting appellant to introduce evidence of his good faith and lack of knowledge. This court has had occasion to deal with this question, and in the early case of State v. Sasse, 6 S. D. 212, 60 N. W. 853, 854, 55 Am. St. Rep. 834, dealt with the admission of the evidence and instructions

to the jury, all of which is applicable to the assignments covering evidence and instructions in the case at bar. The court said: "Plaintiff in error sold the liquor, charged by the statute with the knowledge that the purchaser was a minor; and proof that he acted in good faith, relying upon the sworn statement of such purchaser that he was over the age of 21 years, though mitigating in its character, was not competent as a defense upon the trial; and the court neither erred in giving its instructions to the jury or in refusing instructions offered by counsel for the defendant to the effect that, in the absence of knowledge or intent, there could be no conviction."

It will be observed that the statute does not require that the offense shall be knowingly committed. In State v. Dorman, 9 S. D. 528, 70 N. W. 848, 849, this court dealt with a similar question and quoted from Wharton on Criminal Law, and we quote: "But we cannot agree with counsel in their contention that the provision applies to a case like the one before us. Mr. Wharton, in his work on Criminal Law (volume 1, § 88), lays down the general rule as follows: 'When a statute makes an act indictable, irrespective of guilty knowledge, then ignorance of fact, no matter how sincere, is no defense.' * * * It seems to us, however, that the law as laid down by Mr. Wharton is sustained by the weight of authority, and hence we followed it in State v. Sasse, supra. We cannot believe that the legislature, by the provision we have quoted, intended to make any radical change in the criminal law, or intended the provision to apply to any cases other than crimes mala in se. The California Criminal Code contains the same provision, and, while it has never been construed by the supreme court of that state, Mr. Deering, in his notes to the section, says, 'where, however, a scienter is irrelevant, ignorance or mistake of fact is no excuse;' citing a large number of authorities clearly indicating that, in the view of that learned annotator, that provision has no application to the case we are now considering. We conclude, therefore, that the subdivision we have quoted is only applicable to a class of cases where a scienter is material to constitute the offense, and does not apply to the case at bar. The learned court therefore committed no error in refusing to give the instruction requested by the defendant, or in charging the jury upon the subject of knowledge."

The following authorities sustain this rule of law. State of West Virginia v. Cain, 9 W. Va. 559; McCutcheon v. People of Illinois, 69 Ill. 601; State v. Hartfiel, 24 Wis. 60; Halsted v. State, 41 N. J. L. 552, 12 Vroom 552, 32 Am. Rep. 247; State of Missouri v. Bruder, 35 Mo. App. 475; People v. Longwell, 120 Mich. 311, 79 N. W. 484; People v. Damm, 183 Mich. 554, 149 N. W. 1002; State v. Smith, 57 Mont. 563, 190 P. 107; State v. Hennessy, 114 Wash. 351, 357, 195 P. 211; Feeley v. United States, 8 Cir., 236 F. 903; People v. McClennegen, 195 Cal. 445. 234 P. 91; and United States v. Balint, 258 U. S. 250, 42 S. Ct. 301, 302, 66 L.Ed. 604.

In United States v. Balint, supra, in commenting on a previous decision, the court said: "In the prohibition or punishment of particular acts, the state may in the maintenance of a public policy provide 'that he who shall do them shall do them at his peril and will not be heard to plead in defense good faith or ignorance.' Many instances of this are to be found in regulatory measures in the exercise of what is called the police power where the emphasis of the statute is evidently upon achievement of some social betterment rather than the punishment of the crimes as in cases of mala in se."

For a discussion and citation of numerous cases concerning statutes which do not require that the act should be done wilfully or knowingly, or other words equivalent, meaning ignorance is no excuse, see Feeley v. United States, supra.

The second question raised by appellant seems to be more difficult of solution as it may seem rather harsh to say that the licensee should be liable for the acts of his employees. Especially where the employees have been instructed not to sell nonintoxicating beer to persons under the age of 18 years and in addition to such instructions appellant had taken the precaution to erect signs forbidding the sale to such disqualified persons.

Appellant insists that there is nothing in the statute making the licensee liable for the acts of agents, servants, or employees, for the reason that the statute does not enumerate them. The statute reads: "It shall be unlawful for any licensee under the provisions of this act to sell or give any non-intoxicating beer or wine to any person under the age of eighteen (18) years." Laws 1933, Sp. Sess., c. 12, § 16. Further, appellant contends that the foregoing

provision does not place the appellant in the same situation as persons who had been prosecuted under former liquor laws which made the proprietor liable for the acts of his agents and servants

However, the responsibility that nonintoxicating beer shall not be sold to persons under the age of 18 years has been placed by the act of the Legislature squarely upon the licensee, and in obtaining his license that duty was thrust upon him and we see no way that he can escape from the duties imposed upon him. Therefore, if he would be a beneficiary under the act and be permitted as a licensee to sell nonintoxicating beer, he also assumes all the duties imposed by the statute, and among which is the duty to prevent the sale of nonintoxicating beer, under his license, to persons under the age of 18 years. We can see no distinction between the statute imposing that duty upon the licensee and the statutes which imposed upon proprietors of saloons the duty to keep their saloons closed during certain hours and certain days. By analogy, we believe that the reasoning used in our decisions holding the proprietor of a saloon responsible under the intoxicating liquor statutes is decisive of the facts before us. In State v. Grant, 20 S. D. 164, 105 N. W. 97, 98, 11 Ann. Cas. 1017, this court held:

"In Michigan, where the law relating to Sunday closing is substantially the same as here, the courts have frequently held that the statute imposes upon a keeper of a bar or saloon the affirmative duty to see that it is closed during certain hours and on holidays, that the neglect of this duty is an offense, and that it is no defense in this class of cases to show that the place was opened by an agent, servant, or employe without authority or contrary to instruction. People v. Lundell [136 Mich. 303] 99 N. W. 12; People v. Possing [137 Mich. 303] 100 N. W. 396. These views seem to be sound and sensible. The mere failure to perform a legal duty may constitute a crime. Whether circumstances might exist which would exonerate a saloon keeper whose place of business was open without his knowledge or consent need not be determined at this time. It will be observed that the excluded testimony in this case merely tended to excuse the performance of defendant's duty by showing that his employes were not authorized to open the place on Sundays. The questions upon which the court was called to rule conveyed an implied admission that the

person who delivered the beer to Adler was an employe of the accused. There was no offer to show that some stranger had unlawfully and without authority broken into the building, no effort to show that the opening of the saloon was an act which could not have been prevented by the accused. So, without attempting a general definition of the negligence constituting this offense, applicable to all conditions which might possibly arise, we conclude that the court below did not err in sustaining the objections to defendant's testimony as stated in the foregoing portions of the record in this case."

It will be observed that in State v. Grant, supra, the facts are comparable to the instant case, as the appellant attempted to offer evidence that he was not present in his place of business; and in that case he had given his barkeepers and employees instructions to keep the saloon closed on Sunday, to which the court ruled that all such evidence was immaterial. The trial court, in the instant case, in effect ruled that it was no defense by the holder of a license that the prohibited acts were committed by an agent, servant, or employee, without authority or contrary to instructions, during the absence from the premises of the holder of the license. This ruling, we believe, was correct and is in line with the leading authorities. We are unable to place the appellant herein in any different position, under the statute under which the information was drawn, than if he had been accused of permitting his saloon to be open if he had been charged under that act. The appellant here, in sum and substance, is charged with the neglect of his duty not to sell nonintoxicating beer to persons under 18 years of age and that that constitutes the offense, and, having reached the conclusion that the appellant licensee is held accountable under the terms of this statute, we do not believe that section 3583, subdivision 5, Revised Code 1919, extends to him the benefit of claiming ignorance or mistake of fact which disproves any criminal intent.

Finding no error in the record, the order and judgment appealed from are affirmed.

All the Judges concur.