STATE OF SOUTH DAKOTA, Respondent, v.
MURPHY, Appellant

(48 N. W.2d 225)

(File No. 9189.  Opinion filed May 31, 1951)

**Davenport, Evans, Hurwitz & Smith, Ellsworth E. Evans,** Sioux Falls, for Defendant and Appellant.

**Sigurd Anderson,** Atty. Gen., **W. O. Knight,** Asst. Atty. Gen., **Jerry Maher,** State's Atty., Minnehaha County, Sioux Falls, for Plaintiff and Respondent.

SMITH, J.  The defendant was convicted of a violation of SDC 5.0226(2) which prohibts a licensee from selling intoxicating liquor to any person under the age of 21 years.

■ The first point argued by defendant is that he could not be guilty of the offense, not being a licensee.

The alleged sale was made in the Dakota Tavern, Inc., in the city of Sioux Falls. As the name indicates the Dakota Tavern is a corporation. The corporation was then the holder of a license from the state to sell intoxicating liquor. The sale was made by defendant.

The stated contention is predicated upon the provisions of the statute, SDC 5.0226(2), under which defendant was prosecuted, reading: "No licensee shall sell any intoxicating liquor: (a) To any person under the age of twenty-one years;" and upon the language employed by this court in dealing with a similar statute in State v. Schull, 66 S. D. 102, 279 N.W. 241, 242, 115 A.L.R. 1226. It was there written, "From the reading of section 16 of chapter 12, 1933 S. D. Special Session Laws, [now SDC 5.0311(4)], it will be observed that the Legislature placed the burden upon the licensee (and he alone under the act) not to sell or give any non-intoxicating beer or wine to any person under the age of 18 years." Because defendant was not a "licensee" he urges he cannot be guilty of the offense charged. The contention is inadmissible.

The statutes provide, "All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission, though not present, are principals. * * * There are no accessories to misdemeanors." SDC 13.0203.

The defendant made the sale and thus aided and abetted the licensee in the commission of the crime. This made him a principal even though the crime was one he was incompetent to commit as the sole principal.

In State v. Douglas, 70 S. D. 203, at page 222, 16 N.W.2d 489, 498, we said: "It is true that the actual crime for which defendant was on trial was one which could not be committed by Burns himself because he was not the State Treasurer, but he could be and was concerned in and aided and abetted in its commission. Therefore he was a principal under SDC 13.0203." And cf. State v. Johnson, 50 S. D. 394, 210 N.W. 353; and 22 C.J.S., Criminal Law, § 91, p. 163.

In State v. Schull, 66 S. D. 102, 279 N.W. 241, 242, 45 A.L.R. 1226, the question, under SDC 5.0311, a similar statute, was whether the licensee could be convicted of a sale made in his absence. The words "and he alone under the act" were inadvertent and were not necessary to our affirmative answer to that question.

█ The next contention is that the evidence fails to show a sale. This contention is grounded upon the fact that the check delivered in payment for the drinks served the complaining witness was drawn on a bank in which he had no funds.

A sale is defined by our statutes dealing with alcoholic beverages as the transfer, for a consideration, of title to alcoholic beverages. SDC 5.0101(10).

█ A sale was intended. Title to the whiskey beverage was transferred to the complaining witness in exchange for a check. Upon dishonor the check became an absolute promise to pay. Korte v. Lang, 61 S. D. 267, 248 N. W. 253. A sale on credit is contemplated by the intoxicating liquor laws. 48 C.J.S., Intoxicating Liquors, § 241, p. 374; Myers v. United States, 4 Cir., 49 F.2d 230. It is elementary that a promise to pay constitutes consideration. Hence the contention must be overruled.

The remaining contentions of the defendant have been carefully considered in connection with the record, and are not deemed to merit discussion.

The judgment of the trial court is affirmed.
All the Judges concur.