CITY OF SIOUX FALLS, Respondent v. JACOBSON, Appellant

(71 N. W.2d 84)

(File No. 9455. Opinion filed June 28, 1955)

**Thomas J. Barron,** City Atty., **John E. Burke,** Deputy City Atty., Sioux Falls, for Plaintiff and Respondent.

**Louis H. Smith,** Sioux Falls, for Defendant and Appellant.

SICKEL, J. Complaint was filed in the Municipal Court of the City of Sioux Falls charging that on December 24, 1953, the Jay & Kay Company, Incorporated, was an "on-sale" intoxicating liquor dealer, licensed as such, operating at 115 North Phillips Avenue in said city; that that defendant Milo Jacobson was an employee or officer of said licensee "and did fail to clear the premises of customers and patrons and lock all doors to said premises at 12 o'clock P. M., and did allow patrons and customers on and in said premises at or about 12:20 A. M. on said date, contrary to the provisions of said Ordinance". The jury found defendant guilty as charged in the complaint and he was sentenced to pay a fine of $200. Defendant appealed from the judgment.

The Ordinance provides: "* * * At 12:00 o'clock P. M. every 'on sale' intoxicating liquor dealer shall clear his premises of customers and patrons and shall lock all doors to said premises, and shall turn out all lights therein except such a night light as is approved by the City. Such night light shall burn from 12:00 o'clock P. M. until daylight of the following day. The 'on sale' dealer and his employees shall leave the place of business or premises by 12:30 o'clock A. M. * * *."

When the first witness was called for the city,

defendant objected to the introduction of any evidence on the ground that the complaint does not state a public offense. It is argued that only an on-sale dealer can be convicted of the offense defined in the Ordinance; that defendant is not such licensee, and that the evidence is therefore insufficient to prove the offense charged in the complaint. Section 16.301 of the Municipal Ordinances provides: "* * * Whenever any person shall as clerk, servant, agent, or employee of any other person, or of a firm or corporation, violate any of the provisions of these ordinances, he shall be deemed guilty as a principal and shall be punished as herein provided. * * *". In this case the defendant was the president of the Jay & Kay Company, a corporation, to which the on-sale intoxicating liquor license had been issued. Defendant was the manager of the business and was present at the time the officers entered the place and made the arrest. By aiding and abetting the licensee he became a principal and could be convicted of violating the Ordinance. Cf. State v. Murphy, 74 S.D. 21, 48 N.W.2d 225.

Appellant also questions the sufficiency of the evidence to justify the verdict of the jury. His position is stated in Assignment of Error No. 25 as follows: "1. Defendant is charged with failing to lock the door at twelve o'clock and failing to clear the premises of customers and patrons; there is no evidence supporting either; the fact that the door may have been open when the police came in does not prove that it was not locked at twelve o'clock; the ordinance, contrary to what the city attorney told the jury, does not say the door must remain locked from twelve o'clock until twelve-thirty; the ordinance does not require that the premises be vacant during such times; in order to be guilty a defendant must have failed to lock his door and he must have failed to clear his premises of customers and patrons; there is no evidence here that there was a failure of either particular; the employees have until twelve-thirty before they are required to leave; the clear purpose and intent of the ordinance was that customers and patrons must leave by twelve o'clock, on week day nights except Saturday. * * *".

■ The Ordinance, by any reasonable interpretation, requires that every on-sale intoxicating liquor dealer shall

close his place of business to every one except himself and his employees, and shall lock all doors at 12 o'clock midnight. The dealer and employees are the only people who may remain in the place after midnight, and they must leave at 12:30 o'clock in the morning. It makes no difference whether any liquor is sold or not. The offense consists in being open at a time when this is prohiibted. State v. Perez, 126 Mont. 15, 243 P.2d 309.

■ Competent witnesses testified at the trial that police officers noticed that the lights were on in the barroom. They opened the front door which was unlocked and went inside at 12 o'clock and twenty minutes in the morning. Ten or eleven people were present, some at the bar and some behind the bar. Four people, two men and two women, left by the backdoor when the officers entered the place. When asked why so many people were present defendant replied that it was just a little Christmas party. One person, not an employee, sat at the bar with a glass of colored liquor in his hand and drank it quickly when the officers entered. The testimony showed the names of all persons present except those who left by the backdoor. Some were employees and some were not. We find the evidence sufficient to justify the verdict.

Other assignments have been considered and we find them to be either without merit or without prejudice.

The judgment is affirmed.

All the Judges concur.