[Crim. No. 6164. Second Dist., Div. Three. June 24, 1958.]

THE PEOPLE, Respondent, v. NORMAN ELTON STICE, Appellant.

A. P. Coviello and Arthur Shivell for Appellant.

Edmund G. Brown, Attorney General, and Albert Bianchi, Deputy Attorney General, for Respondent.

, VALLÉE, J.—By information defendant was charged in two counts with violations of Penal Code, section 288. In a jury trial he was convicted on both counts. His motion for a new trial was denied. The court found defendant is a potential sexual psychopath and committed him to a state hospital for observation. Defendant appeals from the order denying his motion for a new trial.

· .No purpose would be served in detailing the revolting facts. Suffice it to say the evidence supports the verdict as to both counts. ▇ Defendant first attacks the credibility of the two children who testified against him. He says they lied. Since the jury impliedly found they had not, that question is not open to review.

· On cross-examination of Junior, the child named in count I of the information, he was asked whether he had ever had "an experience like this before." He said he had not. He was also asked on cross if some two years before he had not committed an improper act with a young girl. The boy answered, "No." On cross-examination, Kathy, the child named in count II, was asked whether "anything like this" had happened to her with anyone else, to which she replied, "No." On cross Kathy was also asked whether at some time prior to the time the acts charged against defendant were alleged to have been committed her aunt had asked her why she told "these stories" about defendant and whether she had said "I don't know why." The answer was "no" to both questions. Kathy was also asked whether she had not told her aunt at that time that "Daddy had told me to say those things" and that "Daddy has played with me," to both of which questions Kathy answered, "No."

▇ On motion of the People the foregoing testimony of Junior and Kathy was stricken and the jury instructed to entirely disregard it. Defendant asserts error. The ruling was correct. In *People* v. *Whalen*, 70 Cal.App.2d 142 [160 P.2d 560], a prosecution under sections 288 and 288a of the Penal Code, this court held that a witness for the People may

not be impeached on cross-examination by questions as to specific acts of unchastity.

 Defendant says the jury was prejudiced against him "thru unnecessary repetition of sordid and heinous acts attributed to defendant." The prosecution was endeavoring to elicit from a 9-year-old boy and a 7-year-old girl accurate statements of what had occurred. We find nothing that was prejudicial.

A deputy sheriff testified to a confession made by defendant. It is contended the confession was obtained unlawfully after an unnecessary delay in taking defendant before a magistrate and that the court erred in admitting it in evidence. Defendant was taken into custody about 10 p.m. on July 16, 1957. About 10 a.m. on July 17 defendant confessed. The deputy sheriff testified defendant's statements were made freely and voluntarily, that no promise of reward or immunity was made, and that no force was used. The record does not show when defendant was taken before a magistrate. Defendant says he was released on bail about 3 p.m. on the 17th. He was in custody about 17 hours. Violation of the mandate that a defendant be taken before a magistrate without unnecessary delay (Pen. Code, § 825) without coercion does not render a confession inadmissible. (*People* v. *Speaks,* 156 Cal.App.2d 25, 37 [319 P.2d 709].) There is no evidence of any physical or psychological coercion. It was not error to admit the confession in evidence.

Defendant says his arrest was unlawful. We are cited to no law and have found none that says a defendant may not be prosecuted for a criminal offense because he was arrested unlawfully. Moreover, there is no showing that the arrest was unlawful. A peace officer may arrest a person without a warrant whenever he has reasonable cause to believe that the person to be arrested has committed a felony. (Pen. Code, § 836.) In the absence of any showing to the contrary, it must be presumed the officers who arrested defendant had reasonable cause to believe he had committed a felony. (Code Civ. Proc., § 1963 subds. 15, 33.)

 It is asserted the court erred in denying defendant's motion to have the two children examined by a psychiatrist. No authority is cited nor argument made in support of the assertion. The matter was one within the discretion of the trial judge.

 Finally, defendant asserts the court erred in finding that he was a potential psychopath and committing him to a

state hospital for observation. The order made in this respect is not reviewable on the appeal from the order denying defendant's motion for a new trial. ██ Sexual psychopathy proceedings are not criminal actions but special proceedings of a civil nature. ██ An original order of commitment as a sexual psychopath is appealable as a final judgment in a special proceeding under section 963 of the Code of Civil Procedure. (*People* v. *Gross*, 44 Cal.2d 859, 860 [285 P.2d 630].) The appeal here is solely from the order denying the motion for a new trial.

The order denying a new trial is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 21, 1958.

On November 12, 1958, the District Court of Appeal entered in its minutes an order stating that the remittitur was recalled, that the judgment was vacated and that the cause was submitted on the briefs on file. The subsequent opinion of the court, filed November 18, 1958, is reported in 165 Cal. App.2d —— [331 P.2d 468].