STATE, Respondent v. KLUEBER, Appellant

(132 N.W.2d 847)

(File No. 10129. Opinion filed February 9, 1965)

Rehearing denied April 23, 1965

224

**Charles Lacey,** Sioux Falls, **Dave L. MacFarlane,** Montrose, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Robert A. Miller,** Asst. Atty. Gen., Pierre, **Clinton J. Nagel,** McCook County State's Atty., Salem, for plaintiff and respondent.

RENTTO, J. The jury returned its verdict finding defendant guilty of indecent molestation of a child of the age of 12 years. The judgment from which he appeals sentenced him to three years imprisonment in the State Penitentiary.

The statute under which he was charged, SDC 1960 Supp. 13.1727, so far as here material, provides that:

> "Any person who shall willfully and unlawfully commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fifteen years, with the intent of arousing, appealing to, or gratifying the lust or passion or sexual desires of such person, or of such child, shall be guilty of the crime of indecent molestation of a child."

In its instructions to the jury the trial court stated that it would constitute no defense to the offense charged that the defendant did not know the age of the prosecuting witness or did not know she was under the age of 15 years at the time of the alleged offense. Defendant's exception to this statement raises the first question presented on this appeal.

In summary, his contention in this area is that it is a necessary element of the offense that the defendant have knowledge that the child involved was under 15 years of age. He argues that if defendant did not have such knowledge it cannot be said that he committed the act willfully. We do not share his view.

In so far as our criminal code is concerned the legislature in SDC 13.0102(1) (e) said: " 'Willfully' implies simply a purpose or willingness to commit the act or the omission referred to. It does not require any intent to violate law * * *." The intent with which the act must have been committed is specified in the statute defining the crime as that "of arousing, appealing to, or gratifying the lust or passion or sexual desires of such person, or of such child * * *". The court instructed the jury

in the language of SDC 1960 Supp. 13.1727 and SDC 13.0102(1) (e). This fully and fairly informed the jury as to the necessity of proof of both the intention and willfulness required to constitute the crime. People v. Kearney, 20 Cal.2d 435, 126 P.2d 612.

It is to be noted that in defining the crime our legislature did not prescribe that it was necessary to the offense that the act be committed knowingly. When the word knowingly is omitted in the statutory specifications of a public offense, and no words of similar import are used, good faith is unimportant and the absence of criminal intent no excuse. If a statute makes an act criminal irrespective of guilty knowledge then, ignorance of fact, no matter how sincere, is no defense. State v. Sasse, 6 S.D. 212, 60 N.W. 853, 55 Am.St.Rep. 834; State v. Dorman, 9 S.D. 528, 70 N.W. 848; State v. Whitman, 52 S.D. 91, 216 N.W. 858 and State v. Schull, 66 S.D. 102, 279 N.W. 241, 115 A.L.R. 1226.

Our cases of State v. Bradley, 15 S.D. 148, 87 N.W. 590 and State v. Morton, 38 S.D. 504, 162 N.W. 155 are not in opposition to this rule as urged by the defendant. Rather, they specifically recognize the rule, but hold it inapplicable because the statutes involved are not of the kind with which the rule is concerned. In our view knowledge that the child was under the statutory age at the time of the offense is not an essential element or ingredient of the crime. Accordingly, we hold the challenged instruction to be proper.

As supporting his position defendant relies heavily on People v. Bailey, 341 Mich. 592, 67 N.W.2d 785. That case holds that knowledge that the boy was under 15 years of age is essential to the commission of the crime of knowingly and willfully debauching the person and depraving the morals of any boy under the age of 15 years. In committing the crime there involved it had to be done knowingly and willfully. Clearly the court's holding is based on the legislature's use of the word knowingly in the definition of the crime. Our statutory situation is the reverse of that.

In Commonwealth v. Sarricks, 161 Pa. Super. 577, 56 A.2d 323 involving the crime of contributing to the delinquency of a

female child under the age of 18 years, the accused defended on the grounds that the child involved told him that she was over 18 and that he believed her. Accordingly, he claimed that the jury should have been instructed to acquit him if it found his belief to be reasonable and bona fide. The court approved the refusal to so instruct saying "The appellant was not entitled to such a charge for the offense was malum prohibitum only, and defendant's motive, intent, reasonableness or good faith were not ingredients of the offense". The omission of the word knowingly in the definition of the crime was considered decisive of the question.

The state had caused the prosecuting witness to be examined physically by a medical doctor shortly after the occurrence in question. A written report of that was made to the state and a copy furnished the accused. The defendant interpreted it as showing that she was not a virgin and had not been such for a long time and claimed that feelings of guilt on account of this would affect her credibility. On the basis of this at the outset of the trial he requested the court to require her to submit to a psychiatric examination for the purpose of determining her credibility as a witness. The denial of his request is presented on this appeal.

Eminent authorities in this field support defendant's position. Wigmore in his Treatise on Evidence, 3rd Ed., § 924a recommends that in all cases charging sex offenses the complaining witness should be examined before trial by competent psychiatrists as to her probable credibility and such testimony made available to the court. The American Bar Association's Committee on the Improvement of the Law of Evidence in its report for 1937-38 reported favorably on such proposal and suggested that the examiner's report be accepted in evidence. These authorities feel that the complaining witnesses in such cases, especially young girls, suffer from mental or moral delusions or tendencies causing distortion of the imagination in sex cases. They point out that because of this many persons have been wrongfully convicted of sex offenses on the unsupported testimony of girls so affected. Wigmore claims that judging merely from the reported appellate cases "one must infer that many innocent men have

gone to prison because of tales whose falsities could not be exposed."

That such miscarriages of justice have occurred must be admitted. The writings of those who have made the problem a matter of studied concern support this conclusion. See authorities quoted in Wigmore § 924a. However, we are not persuaded that it is necessary or advisable for courts to go to the extreme suggested by Dean Wigmore to protect against the evil. Of course if it is done by statute as suggested by him in § 924b, that is another matter.

Our problem here, limited to complaining witnesses in sex offenses, is to a degree, but a segment within the larger field of such examinations of witnesses generally to determine their credibility. However, in this case we are not called on to announce the rule that should govern in the larger field. To read this opinion as indicating our views as to what that rule should be is unwarranted. Concerning the views of other courts in that area we have the following from Wharton's Criminal Evidence, 12th Ed., § 929:

> "Testimony of psychiatrists offered to impeach the credibility of a witness by showing that he is a chronic liar or other type unworthy of belief is generally regarded as inadmissible, either because of disbelief in the accuracy of psychiatric diagnosis or in the adequacy of the psychiatrist's opportunity to observe the witness."

There is reason to question the present validity of this view. Some of the older cases seem to have permitted both expert and lay testimony as to mental or moral defects of a witness to impeach his credibility, and the trend of recent cases is in the direction of permitting psychiatric testimony for that purpose, paralleling somewhat the more general acceptance of the science of psychiatry. 15 A.L.R. 932; State v. Armstrong, 232 N.C. 727, 62 S.E.2d 50; United States v. Hiss, D.C., 88 F.Supp. 559, affirmed 2 Cir., 185 F.2d 822, cert. den. 340 U.S. 948, 71 S.Ct. 532, 95 L.Ed. 683; Taborsky v. State, 142 Conn. 619, 116 A.2d 433, 49 A.L.R. 2d 1238; State v. Butler, 27 N.J. 560, 143 A.2d 530.

In an article entitled Psychiatric Opinions as to Credibility of Witnesses: A Suggested Approach, in Vol. 48, Cal.L.Rev. 648 at page 663, this conclusion is reached: "Most of the courts which have dealt with this problem have recognized the authority of the trial judge to order a psychiatric examination of a witness on the question of credibility. The principle established by the majority of the cases is that the judge has the **discretion** to order such an examination, although the failure to do so has rarely been held an abuse of discretion." We are not aware of any good reason why that should not be the rule concerning complaining witnesses in sex offenses.

The author of the article Psychiatric Evaluation Of The Mentally Abnormal Witness, 59 Yale Law Journal 1324 at p. 1338, says:

"Judicial appreciation of psychiatry has been most pronounced in sex offense cases. Recognizing that false sex charges may stem from the psychic complexes of a female who appears normal to the layman, courts have permitted psychiatrists to expose mental defects, hysteria, and pathological lying in sex prosecutrices. The liberal attitude in this area is probably due to the gravity of the charge; to the general lack of corroborating evidence; and perhaps to a popular feeling that sex is peculiarly within the ken of psychiatrists."

This is consistent with Wigmore's premise and probably, in a measure, is the result of his strong stand.

In Burton v. State, 232 Ind. 246, 111 N.E.2d 892, the court reversed a sodomy conviction because the state took no steps to determine that the prosecutrix was not a fantast, or was not under the compelling domination of her mother, even though such apparently had not been requested by the defendant. In Wedmore v. State, 237 Ind. 212, 143 N.E.2d 649, a prosecution concerning carnal knowledge of a female child under sixteen years, Burton was overruled to the extent that such examination was required in any sex case. However, Wedmore strongly indicates that the trial court in its sound discretion, on request of the defendant, may order such examination under proper cir-

cumstances. In People v. Stice, 161 Cal.App.2d 610, 327 P.2d 201, a case involving indecent molestation of a minor, defendant's motion to have the prosecutrix examined by a psychiatrist was denied. On review this was held proper as being a matter within the discretion of the trial judge.

■ ■ Whether the requested psychiatric examination of the prosecutrix should have been granted is in our view a matter within the sound discretion of the trial court. As was said in State v. Butler, supra, such examinations should be granted "only upon a substantial showing of need and justification." We think defendant's showing for the requested examination falls far short of this requirement. As in all matters involving the exercise of discretion by the trial court, quoting again from the Butler case, the boundaries thereof "cannot be outlined with precision", so of necessity much reliance "must be placed upon the judgment of the trial court in the individual case."

The doctor's written report relied on by the defendant in our view is not fairly subject to the inference drawn therefrom by him. Nor is there any showing that his conclusion from such inference is valid. That the court was not in error in so regarding it was borne out by the testimony of the doctor in testifying at the trial as a witness for the defendant. Accordingly, we think it clear that there is nothing in this record to show an abuse of the court's discretion. In establishing that the moving party's burden is not light.

■ One further matter is assigned as error and argued on this appeal. In instructing as to testimony given by the victim and her brother, age 9, the court said:

> "Competency to give testimony depends largely on intelligence and understanding rather than on attaining a certain age. But it is common knowledge that a child of tender years usually does not have the same powers of comprehension and understanding nor the same ability to observe, remember and tell what he or she has seen or heard as an older child or person. In a child of tender years the strength and use of the imagination is frequently out of proportion to the power of the other

faculties, and young children may say what is not true not from deceitfulness but simply because they have come to think or believe so by talking or from suggestion or from imagining what has happened. So in determining what if any credit you shall give to the testimony of these children, you should give consideration to all of these matters and should consider their testimony with caution and should weigh it in the light of their tender age, mental capacity, lack of experience, and immaturity. You should guard against being influenced by sympathy for these children of tender age who were called upon to testify."

Defendant did not quarrel with the instruction and objected only on the ground that it did not go far enough. He claims that it should have included consideration of previous immoral experiences as well as tender age. In our view of the record, as herein indicated, there is no merit in this contention.

Affirmed.

All the Judges concur.